UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GRAND ACADIAN, INC. | * | CIVIL ACTION NO. CV-07-0295 |
| | * | |
| Plaintiff | * | JUDGE MINALDI |
| VERSUS | * | |
| | * | MAGISTRATE JUDGE WILSON |
| FLUOR CORPORATION, ET AL | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIRMATIVE DEFENSES AND ANSWER OF FLUOR GOVERNMENT GROUP INTERNATIONAL, INC.

**NOW INTO COURT**, through undersigned counsel, comes defendant, Fluor Government Group International, Inc. ("Fluor International"), who files its affirmative defenses and answer to the Petition of Grand Acadian, Inc. ("Petition") as follows:

### Affirmative Defenses

### First Defense

The Petition fails to state a claim against Fluor International upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred or precluded under the Stafford Act, 42 U.S.C. 5148, et seq.

### Third Defense

Plaintiff's claims fail, in whole or in part, because plaintiff has failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

**Fourth Defense**

Fluor International is not a properly named defendant in this matter.

**Fifth Defense**

Any work done by Fluor International was done under the supervision and/or direction and/or control of the Federal Emergency International Agency ("FEMA") and Fluor International is thereby immune from suit and from tort liability in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 442 (1988) and *Hercules v. U.S.*, 516 U.S. 417, 116 S. Ct. 981, 134 L. Ed 2d 47 (1996).

**Sixth Defense**

Plaintiff's claims are premature.

**Seventh Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of intervening and/or superceding cause.

**Eighth Defense**

Plaintiff's claims are barred, in whole or in part, by the lack of contractual privity between plaintiff and Fluor International.

**<u>Answer</u>**

And now answering the specific allegations of the Petition, Fluor International avers as follows:

1.

Fluor International admits that Fluor International is a Delaware corporation who's registered agent for service of process is as set forth.  All other allegations contained in ¶ 1 of the Petition are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in ¶ 2 of the Petition are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in ¶ 3 of the Petition are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in ¶ 4 of the Petition are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in ¶ 5 of the Petition are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in ¶ 6 of the Petition are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in ¶ 7 of the Petition are denied for lack of sufficient information to justify a belief therein.

8.

Fluor International admits that Hurricane Katrina made landfall and affected the New Orleans area on or about August 29, 2005.  All other allegations contained in ¶ 8 of the Petition are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in ¶ 9 of the Petition are denied for lack of sufficient information to justify a belief therein.

10.

Fluor International admits that Hurricane Rita made landfall on or about September 24, 2005.  All other allegations contained in ¶ 10 of the Petition are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in ¶ 11 of the Petition are denied for lack of sufficient information to justify a belief therein.

12.

Fluor International admits that Fluor Enterprises, Inc. was a contractor for FEMA, however, Fluor International specifically denies as written the remaining allegations contained in ¶ 12 of the Petition.

13.

In response to the allegations contained in ¶ 13 of the Petition, Fluor International admits that Fluor Enterprises, Inc., at the request of FEMA, copied Pat McConnaghhay on a work plan on November 21, 2005.  All other allegations contained in ¶ 13 of the Petition are denied as written.

14.

The allegations contained in ¶ 14 of the Petition are denied.

15.

The allegations contained in ¶ 15 of the Petition are denied as written.

16.

The allegations contained in ¶ 16 of the Petition are denied as written.

17.

The allegations contained in ¶ 17 of the Petition are denied.

18.

The allegations contained in ¶ 18 of the Petition are denied as written.

19.

The allegations contained in ¶ 19 of the Petition are denied.

20.

The allegations contained in ¶ 20 of the Petition are denied.

21.

The allegations contained in ¶ 21 of the Petition are denied.

22.

The allegations contained in ¶ 22 of the Petition are denied.

23.

The allegations contained in ¶ 23 of the Petition are denied.

24.

The allegations contained in ¶ 24 of the Petition are denied.

25.

The allegations contained in ¶ 25 of the Petition are denied.

26.

The allegations contained in ¶ 26 of the Petition are denied.

27.

In response to the allegations contained in ¶ 27 of the Petition, Fluor International specifically denies that Fluor International destroyed the described "FEMA-West-Half" and denies that any actions of Fluor International prevented work by plaintiff on the described "Grand-East-Half." All other allegations contained in ¶ 27 are denied for lack of sufficient knowledge to justify a belief therein.

28.

The allegations contained in ¶ 28 of the Petition are denied.

29.

In response to the allegations contained in ¶ 29 of the Petition, Fluor International is without sufficient information to justify a belief therein as to the alleged cost of the dirt work on the Grand-East-Half. All other allegations contained in ¶ 29 are denied.

30.

The allegations contained in ¶ 30 of the Petition are denied.

31.

The allegations of contained in ¶ 31 of the Petition contain mixed conclusions of law and fact that do not require an answer from Fluor International. However, to the extent an answer is deemed required, the allegations are denied.

32.

Fluor International specifically denies that it entered into a contractual agreement with Plaintiff. Further, all other allegations contained in ¶ 32 of the Petition, including the conclusions of law, are denied.

33.

The allegations contained in ¶ 33 of the Petition constitute conclusions of law that do not require an answer from Fluor International. However, to the extent an answer is deemed required, they are denied.

34.

The allegations contained in ¶ 34 of the Petition constitute conclusions of law that do not require an answer from Fluor International. However, to the extent an answer is deemed required, they are denied.

35.

The allegations contained in ¶ 35 of the Petition constitute conclusions of law that do not require an answer from Fluor International. However, to the extent an answer is deemed required, they are denied.

36.

The allegations contained in ¶ 36 of the Petition are not directed at Fluor International and do not require a response from Fluor International. However, to the extent an answer is deemed required, the allegations are denied.

37.

The allegations contained in ¶ 37 of the Petition are not directed at Fluor International and do not require a response from Fluor International.  However, to the extent an answer is deemed required, the allegations are denied.

38.

Any and all remaining allegations contained in the Petition, including those in the Preamble and the Prayer, that have not been specifically addressed in this answer are denied.

AND NOW, FURTHER ANSWERING, Fluor International affirmatively avers as follows:

39.

Fluor International avers that it has no liability for any subcontractors as it is not vicariously liable under the doctrine of *respondeat superior* for subcontractors.

40.

Any alleged damage occurred as a result of the fault or negligence of others for whom Fluor International is not liable or responsible, and over whom Fluor International has no control.

41.

The damages allegedly sustained resulted from the fault, acts, and negligence or omission of others, including Plaintiff, for whom Fluor International is neither liable nor responsible.

42.

In the alternative, and only if it is determined that Plaintiff is entitled to recover against Fluor International, which is expressly denied, Plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to any other person for whom Fluor International is neither liable nor responsible.

43.

In the further alternative, Plaintiff has failed to mitigate its damages.

44.

Fluor International hereby gives notice that it intends to rely upon any and all other such affirmative defenses as may become available or apparent during the course of discovery and, thus, reserves the right to amend its answer to assert any and all such defenses.

WHEREFORE, Defendant, Fluor Government Group International, Inc., respectfully requests that, after due proceedings had, Plaintiff's claims be dismissed with prejudice, at Plaintiff's sole cost, and for all general and equitable relief as this Court deems just and necessary.

Dated:  February 26, 2007

Respectfully submitted,

 s/Karen D. Ancelet
KAREN D. ANCELET  (No. 23018)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
500 Dover Boulevard, Ste. 120
Lafayette, LA 70503
Telephone:  (337) 406- 5610
Fax:  (337) 406-5620

And

THOMAS M. NOSEWICZ, T.A (No. 08429)
RICHARD J. TYLER (No. 1155)
STANLEY A. MILLAN (No. 9658)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170-5100
Telephone:  (504) 582-8178
Fax: (504) 589-8178

And

BRANDON K. BLACK (No. 24298)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre L.L.P.
5th Floor, Four United Plaza
8555 United Plaza Blvd.
Baton Rouge, LA   70809
Telephone:  (225) 248-2128
Fax:  (225) 248-3128

Attorneys for Fluor Government Group International, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via U.S. Mail, ECF, e-mail, hand delivery, or facsimile this 26th day of February, 2007.

  s/Karen D. Ancelet