UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GRAND ACADIAN, INC. | * | CIVIL ACTION NO.  CV-07-0295 |
| | * | |
| Plaintiff | * | JUDGE MINALDI |
| VERSUS | * | |
| | * | MAGISTRATE JUDGE WILSON |
| FLUOR CORPORATION, ET AL | * | |
| Defendants | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AFFIRMATIVE DEFENSES AND ANSWER OF FLUOR MANAGEMENT COMPANY, L.P.

**NOW INTO COURT**, through undersigned counsel, comes defendant, Fluor Management Company, L.P. ("Fluor Management"), who files its affirmative defenses and answer to the Petition of Grand Acadian, Inc. ("Petition") as follows:

### Affirmative Defenses

### First Defense

The Petition fails to state a claim against Fluor Management upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred or precluded under the Stafford Act, 42 U.S.C. 5148, et seq.

### Third Defense

Plaintiff's claims fail, in whole or in part, because plaintiff has failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

## Fourth Defense

Fluor Management is not a properly named defendant in this matter.

## Fifth Defense

Any work done by Fluor Management was done under the supervision and/or direction and/or control of the Federal Emergency Management Agency ("FEMA") and Fluor Management is thereby immune from suit and from tort liability in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 442 (1988) and *Hercules v. U.S.*, 516 U.S. 417, 116 S. Ct. 981, 134 L. Ed 2d 47 (1996).

## Sixth Defense

Plaintiff's claims are premature.

## Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of intervening and/or superseding cause.

## Eighth Defense

Plaintiff's claims are barred, in whole or in part, by the lack of contractual privity between plaintiff and Fluor Management.

## **Answer**

And now answering the specific allegations of the Petition,  Fluor Management avers as follows:

{L0033846.1}                                                    2

1.

Fluor Management admits that Fluor Management is a Delaware corporation who's registered agent for service of process is as set forth.  All other allegations contained in ¶ 1 of the Petition are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in ¶ 2 of the Petition are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in ¶ 3 of the Petition are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in ¶ 4 of the Petition are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in ¶ 5 of the Petition are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in ¶ 6 of the Petition are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in ¶ 7 of the Petition are denied for lack of sufficient information to justify a belief therein.

8.

Fluor Management admits that Hurricane Katrina made landfall and affected the New Orleans area on or about August 29, 2005.  All other allegations contained in ¶ 8 of the Petition are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in ¶ 9 of the Petition are denied for lack of sufficient information to justify a belief therein.

10.

Fluor Management admits that Hurricane Rita made landfall on or about September 24, 2005.  All other allegations contained in ¶ 10 of the Petition are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in ¶ 11 of the Petition are denied for lack of sufficient information to justify a belief therein.

12.

Fluor Management admits that Fluor Enterprises, Inc. was a contractor for FEMA, however, Fluor Management specifically denies as written the remaining allegations contained in ¶ 12 of the Petition.

13.

In response to the allegations contained in ¶ 13 of the Petition, Fluor Management admits that Fluor Enterprises, Inc., at the request of FEMA, copied Pat McConnaghhay on a work plan on November 21, 2005.  All other allegations contained in ¶ 13 of the Petition are denied as written.

14.

The allegations contained in ¶ 14 of the Petition are denied.

15.

The allegations contained in ¶ 15 of the Petition are denied as written.

16.

The allegations contained in ¶ 16 of the Petition are denied as written.

17.

The allegations contained in ¶ 17 of the Petition are denied.

18.

The allegations contained in ¶ 18 of the Petition are denied as written.

19.

The allegations contained in ¶ 19 of the Petition are denied.

20.

The allegations contained in ¶ 20 of the Petition are denied.

21.

The allegations contained in ¶ 21 of the Petition are denied.

22.

The allegations contained in ¶ 22 of the Petition are denied.

23.

The allegations contained in ¶ 23 of the Petition are denied.

24.

The allegations contained in ¶ 24 of the Petition are denied.

25.

The allegations contained in ¶ 25 of the Petition are denied.

26.

The allegations contained in ¶ 26 of the Petition are denied.

27.

In response to the allegations contained in ¶ 27 of the Petition, Fluor Management specifically denies that Fluor Management destroyed the described "FEMA-West-Half" and denies that any actions of Fluor Management prevented work by plaintiff on the described "Grand-East-Half." All other allegations contained in ¶ 27 are denied for lack of sufficient knowledge to justify a belief therein.

28.

The allegations contained in ¶ 28 of the Petition are denied.

29.

In response to the allegations contained in ¶ 29 of the Petition, Fluor Management is without sufficient information to justify a belief therein as to the alleged cost of the dirt work on the Grand-East-Half.  All other allegations contained in ¶ 29 are denied.

30.

The allegations contained in ¶ 30 of the Petition are denied.

31.

The allegations of contained in ¶ 31 of the Petition contain mixed conclusions of law and fact that do not require an answer from Fluor Management.  However, to the extent an answer is deemed required, the allegations are denied.

32.

Fluor Management specifically denies that it entered into a contractual agreement with Plaintiff.   Further, all other allegations contained in ¶ 32 of the Petition, including the conclusions of law, are denied.

33.

The allegations contained in ¶ 33 of the Petition constitute conclusions of law that do not require an answer from Fluor Management.   However, to the extent an answer is deemed required, they are denied.

34.

The allegations contained in ¶ 34 of the Petition constitute conclusions of law that do not require an answer from Fluor Management.   However, to the extent an answer is deemed required, they are denied.

35.

The allegations contained in ¶ 35 of the Petition constitute conclusions of law that do not require an answer from Fluor Management.   However, to the extent an answer is deemed required, they are denied.

36.

The allegations contained in ¶ 36 of the Petition are not directed at Fluor Management and do not require a response from Fluor Management.   However, to the extent an answer is deemed required, the allegations are denied.

37.

The allegations contained in ¶ 37 of the Petition are not directed at Fluor Management and do not require a response from Fluor Management.  However, to the extent an answer is deemed required, the allegations are denied.

38.

Any and all remaining allegations contained in the Petition, including those in the Preamble and the Prayer, that have not been specifically addressed in this answer are denied. AND NOW, FURTHER ANSWERING, Fluor Management affirmatively avers as follows:

39.

Fluor Management avers that it has no liability for any subcontractors as it is not vicariously liable under the doctrine of *respondeat superior* for subcontractors.

40.

Any alleged damage occurred as a result of the fault or negligence of others for whom Fluor Management is not liable or responsible, and over whom Fluor Management has no control.

41.

The damages allegedly sustained resulted from the fault, acts, and negligence or omission of others, including Plaintiff, for whom Fluor Management is neither liable nor responsible.

42.

In the alternative, and only if it is determined that Plaintiff is entitled to recover against Fluor Management, which is expressly denied, Plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to any other person for whom Fluor Management is neither liable nor responsible.

43.

In the further alternative, Plaintiff has failed to mitigate its damages.

44.

Fluor Management hereby gives notice that it intends to rely upon any and all other such affirmative defenses as may become available or apparent during the course of discovery and, thus, reserves the right to amend its answer to assert any and all such defenses.

WHEREFORE, Defendant, Fluor Management Company, L.P. respectfully requests that, after due proceedings had, Plaintiff's claims be dismissed with prejudice, at Plaintiff's sole cost, and for all general and equitable relief as this Court deems just and necessary.

Dated:  February 26, 2007

Respectfully submitted,

s/Karen D. Ancelet
KAREN D. ANCELET  (No. 23018)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
500 Dover Boulevard, Ste. 120
Lafayette, LA 70503
Telephone:  (337) 406- 5610
Fax:  (337) 406-5620

And

THOMAS M. NOSEWICZ, T.A (No. 08429)
RICHARD J. TYLER (No. 1155)
STANLEY A. MILLAN (No. 9658)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170-5100
Telephone:  (504) 582-8178
Fax: (504) 589-8178

And

BRANDON K. BLACK (No. 24298)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre L.L.P.
5th Floor, Four United Plaza
8555 United Plaza Blvd.
Baton Rouge, LA   70809
Telephone:  (225) 248-2128
Fax:   (225) 248-3128

Attorneys for Fluor Management Company, L.P.


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served on all counsel of

record via U.S. Mail, ECF, e-mail, hand delivery, or facsimile this 26th day of February, 2007.


 s/Karen D. Ancelet

{L0033846.1}                                           10