UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GRAND ACADIAN, INC. | : | DOCKET NO. 2:07-cv-295 |
| VS. | : | JUDGE MINALDI |
| FLUOR CORPORATION, ET AL. | : | MAGISTRATE JUDGE WILSON |

REPORT AND RECOMMENDATION

Presently before the court is Grand Acadian, Inc.'s Motion to Remand (Doc. 17), a motion to strike (Doc. 36), and a motion for oral argument (Doc. 43) . This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

In 2004 and 2005, Grand Acadian commenced preliminary development of an RV resort on a 60 acre tract of land in Sulphur, Louisiana.  When Hurricanes Katrina and Rita hit Louisiana in August and September of 2005, respectively, thousands of people were displaced, creating a need for emergency housing.  Consequently, instead of completing the RV resort, Grand Acadian agreed to lease half of its property (a 30 acre tract) to FEMA for construction of an emergency housing trailer park.  FEMA, in turn, contracted with Fluor Enterprises, Inc. (Fluor) to design and construct the FEMA trailer park on the leased property.  However, Grand Acadian claims that in carrying out its obligations, Fluor destroyed the underlying clay base of the soil and effectively destroyed the property's usefulness for commercial development.  On February 11, 2006, FEMA ultimately ordered Fluor to stop construction on the Grand Acadian site.

On July 25, 2006, plaintiff filed an administrative claim against FEMA under the Contract Disputes Act, 41 U.S.C. § 601, et seq.  This claim was administratively denied on

December 14, 2006. Grand Acadian did not appeal that decision. Instead, plaintiff filed suit against Fluor and its subcontractors in the 14th Judicial District Court for Calcasieu Parish, Louisiana on January 3, 2007, seeking to recover for damages to its property resulting from work conducted by the defendants. Fluor removed the case to this court alleging that this court has jurisdiction pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). (Doc. 6). Grand Acadian has filed the instant motion to remand, arguing that removal under this statute is not proper and seeking to have the matter remanded to state court.

Title 28 U.S.C. § 1442(a)(1) provides, in pertinent part:

(A) A civil action . . . commenced in a State court against any of the following may be removed by them . . . :

>(1) The United States or any agency thereof of any officer (or any *person acting under that officer*) of the United States or any agency thereof . . . *for any act under color of such office* . . . . (Emphasis supplied).

Thus, in order to have a suit against removed under § 1442(a)(1) a defendant who is not itself a federal officer or agency, such as Fluor, must show: (1) that it is a "person" within the meaning of the statute; (2) it was "acting under" a federal officer or agency; and (3) that it is being sued for an "act under color" of office. Additionally, it must show that it has raised a colorable federal defense. *Mesa v. California*, 109 S.Ct. 959 (1989).

Clearly, Fluor is a "person" within the meaning of the statute. *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398 (5th Cir. 1998). In order for Fluor to be considered as "acting under" a federal officer or agency it must have been under the guidance or control of a federal officer or agency, and must be involved in assisting, or helping carry out the duties or tasks of the federal superior. *Watson v. Philip Morris Companies, Inc.*, 127 S.Ct. 2301, 2306 (2007). Where, as here, the "person" is a government contractor subject to close monitoring and

supervision this requirement is satisfied.  *Id.* at 2308 (*citing Winters, supra* with approval).

This brings us to the issue of whether the acts of Fluor's that Grand Acadian complains of were performed "under color" of the federal officer or agency.  This requires that there be a nexus or "causal connection" between the challenged conduct and the federal authority. *Jefferson County, Ala. v. Acker,* 119 S.Ct. 2069, 2075 (1999).  In assessing whether or not the required nexus exists we credit Fluor's theory of the case.  *Id.*

Grand Acadian argues that the causal nexus required for removal consists of a specific showing that "the government compelled it to take an action for which the defendant is sought to be held liable in state court." *See Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 848 (S.D.Ill. 2006).  We disagree.  Neither the language of the statute nor Supreme Court decisions require such a showing.

In *Willingham v. Morgan*, 89 S.Ct. 1813 (1969) the plaintiff had accused the defendants, two prison officials, of inoculating him "with a deleterious foreign substance" and assaulting, beating, and torturing him.   The court considered whether the removing defendants had made an adequate showing that the acts they were sued for were "act(s) under color of office."   Plaintiff argued that the challenged acts were not "under color" of federal office, but were acts of the defendants "on a frolic of their own which had no relevancy to their official duties as employees or officers of the United States." *Id.* at 1816.  Obviously, the prison officials' federal duties did not compel them to assault, beat, torture, and inoculate the plaintiff with deleterious substances.  Nevertheless, the Court concluded that the defendants had made the required showing that the acts complained of were "under color" of office.

> In a civil suit of this nature, we think it was sufficient for petitioners to have shown that their relationship to respondent derived solely from their official duties. Past cases have interpreted the 'color of office' test to require a showing of a 'causal connection' between the charged conduct and asserted official authority.

3

> *Maryland v. Soper* (No. 1), supra, 270 U.S. at 33, 46 S.Ct. at 190-191. 'It is enough that (petitioners') acts or (their) presence at the place in performance of (their) official duty constitute the basis, though mistaken or false, of the state prosecution.' *Ibid.* In this case, once petitioners had shown that their only contact with respondent occurred inside the penitentiary, while they were performing their duties, we believe that they had demonstrated the required 'causal connection.' The connection consists, simply enough, of the undisputed fact that petitioners were on duty, at their place of federal employment, at all the relevant times. If the question raised is whether they were engaged in some kind of 'frolic of their own' in relation to respondent, then they should have the opportunity to present their version of the facts to a federal, not a state, court. This is exactly what the removal statute was designed to accomplish.

It is clear that all activities of Fluor on Plaintiff's land were performed in connection with the contract with FEMA and therefore the activities, including those complained of, had a sufficient causal nexus with FEMA.  This brings us to the final prerequisite for removal.  Fluor must raise "a colorable federal defense."  *Jefferson County, Ala. v. Acker, supra* at 2075; *Mesa v. California*, 109 S.Ct. 959, 965 (1989).  The colorable federal defense is the federal question that supports Article III "arising under" jurisdiction. *Mesa, supra* at 968.  The validity of that defense is not at issue.  *Id.* at 964.

In order to satisfy this requirement Fluor has raised the "government contractor defense."  Doc. 6, ¶ 16.  In general, immunity under the "government contractor defense" has three prerequisites: (1) the federal agency must approve reasonably precise specifications; (2) the contractor must have conformed to those specifications; and (3) the contractor must have warned the agency about dangers/problems known to the contractor but unknown to the agency.  *Winters, supra* at 400.  Fluor has asserted that FEMA approved plans and specifications for the work on Plaintiff's property, that it complied with those plans and specifications, and when it learned of soil problems it informed FEMA.  Grand Acadian attacks the merits of the defense by disputing these allegations.  However, the merits of the defense are not before the court.  Fluor, having

made a colorable claim of a federal defense, is entitled to have the merits determined in federal court. *Willingham, supra* at 1816.

Accordingly, we find that this matter was properly removed to federal court under 28 U.S.C. § 1442(a)(1).  To the extent that the defendant seeks to strike portions of the affidavit submitted by the plaintiff in support of its motion to remand, we find that the portions cited are not material to the determination of federal jurisdiction under the removal statute.

For these reasons, it is RECOMMENDED that the Motion to Remand be DENIED,  that the Motion to Strike be DENIED as moot, and that the motion for oral argument be DENIED as moot. .

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, November 7, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE