U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

FEB 12 2008

ROBERT H. SHEMWELL, CLERK
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GRAND ACADIAN, INC.** | : | **DOCKET NO. 2:07 CV 295** |
| VS. | : | JUDGE MINALDI |
| **FLOUR CORPORATION, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss For Failure to Join Indispensable Parties Under Federal Rule of Civil Procedure 19, [doc. 22], filed by Flour Group Contractors (hereinafter "Group"), one of several named defendants. The plaintiff, Grand Acadian, filed a Motion in Opposition to Group's Motion to Dismiss [doc. 33]. Group did not file a Reply addressing Grand Acadian's arguments.

### FACTS

Grand Acadian began preliminary development of an RV resort in Sulphur, Louisiana in 2004 and 2005.[1] When hurricanes Katrina and Rita struck Louisiana in August and September 2005, thousands of people were displaced, which created a need for emergency housing.[2] Rather than completing the RV resort, Grand Acadian leased half of its property to the Federal

---

[1] The Magistrate's Report and Recommendation clearly articulates the pertinent facts underlying this lawsuit. Report and Recommendation at 1 (Nov. 7, 2007) [doc. 44].

[2] *Id.*

Emergency Management Agency (hereinafter "FEMA") for an emergency housing trailer park.[3] FEMA then contracted with Group to design and construct the FEMA trailer park.[4] Grand Acadian claims that Group destroyed the underlying clay base of the soil and essentially destroyed the property's usefulness for commercial development.[5] On February 11, 2006, FEMA ordered Group to cease construction on the Grand Acadian site.[6]

On July 25, 2006, Grand Acadian filed an administrative claim against FEMA pursuant to the Contract Disputes Act, 41 U.S.C. § 601 *et seq.*, which was denied.[7] Rather than administratively appeal that decision, Grand Acadian filed suit against Group and its subcontractors in the 14th Judicial District Court for Calcasieu Parish on January 3, 2007, seeking to recover for damages sustained to the RV park.[8] Group removed the lawsuit pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1).[9] This court recently denied Grand Acadian's Motion to Remand, and thus has jurisdiction to hear the present motion.

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] Grand Acadian alleges that if its claims against FEMA are not resolved in mediation, then it will file a federal claim against FEMA in the court of Federal Claims. Pl.'s Mem. in Opposition to Def.'s Motion to Dismiss [doc. 33].

[8] Report and Recommendation, at 2.

[9] *Id.*

2

## LAW

### Rule 12(b)(7)

Pursuant to Federal Rule of Civil Procedure 12(b)(7), a party may make a motion for failure to join an indispensable party under Federal Rule of Civil Procedure 19 as a defense at any pleading permitted under Rule 7(a),[10] or by motion for judgment on the pleadings, or at the trial on the merits. FED. R. CIV. P. 12(h)(1). The burden of proof is on the party moving under Rule 12(b)(7) to "show the nature of the unprotected interests of the absent individuals or organizations and the possibility of injury to them or that the parties before the court will be disadvantaged by their absence." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1359 (3d ed. 1998).

### Rule 19

Under Federal Rule 19(a), a party is necessary in two situations. First, a party is necessary only if "in the person's absence complete relief cannot be accorded among those already parties." FED. R. CIV. P. 19(a)(1). Rule 19(a)(1) focuses on whether relief can be afforded to the existing parties in the absence of the party in dispute. *Schweyer Import-Schnittholz GMBH v. Genesis Capital Fund, LP*, 220 F.R.D. 582, 586 (S.D. Iowa 2004).

Second, a party is also necessary when the absent party claims a legally protected interest in the action. FED. R. CIV. P. 19(a)(2). Rule 19(a)(2) focuses on the effects the litigation would have on the absent party. *Schweyer*, 220 F.R.D. at 586. Rule 19(a)(2) only applies when the absent party asserts the interest. *See U.S. v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (noting

---

[10] These pleadings include the complaint, the answer, and any replies. FED. R. CIV. P. 7(a).

that it is not enough for a legally protected interest to exist, but that the absent party must actually assert that interest).

Pursuant to FED. R. CIV. P. 19(b), if a party listed in Rule 19(a) cannot be made a party, the court must determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." The court considers:

> [f]irst, to what extent a judgment rendered in the party's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

FED. R. CIV. P. 19(b). The party asserting the Rule 19 motion bears the burden of proof to establish that the parties are indispensable, and that the absent parties are unable to protect their interests. *Ferrofluidics Corp. v. Advanced Vacuum Components*, 789 F. Supp. 1201, 1208 (D.N.H. 1992).

## ANALYSIS

Group argues that this court should either join FEMA as a party or dismiss this case because FEMA is an indispensable party under FED. R. CIV. P. 19. Group argues that FEMA is a necessary party because a judgment in FEMA's absence could create a "negative precedent" that could possibly affect FEMA's rights and liabilities. Group also argues that without FEMA's presence in the suit, this court could not afford complete relief among the parties because any adjudication will affect FEMA's contracts with the individual defendants.

Additionally, Group argues that FEMA has an interest in this litigation because the

litigation will center upon FEMA's lease with Grand Acadian, and a judgment by this court would impact FEMA's rights and/or liabilities under the lease. Group argues that this possibility would subject defendants to litigating the same claims in two separate forums.

Moreover, Group argues that because FEMA is indispensable, if FEMA cannot be joined, this court should dismiss Grand Acadian's lawsuit under FED. R. CIV. P. 19(b) because a judgment in FEMA's absence could be prejudicial to the existing defendants and FEMA. Also, Group argues that Grand Acadian may pursue claims against FEMA in the U.S. Court of Claims, where FEMA could add the existing defendants as third-party defendants. Thus, Group argues that the defendants are subject to multiple and inconsistent claims because they could also be sued in the U.S. Court of Claims.

Grand Acadian opposes Group's Motion to Dismiss. First, Grand Acadian argues that Group failed to show that FEMA is a necessary party. Grand Acadian notes that Group bears the burden of persuasion and must present more than conclusory allegations, including evidentiary materials. *Dunlop v. Beloit College*, 411 F. Supp. 398. 400-01 (D. Wis. 1976). Grand Acadian argues that its claims against the defendants and against FEMA are separate because the former is based upon negligence and the latter is based upon breach of the lease agreement between Grand Acadian and FEMA.

Second, Grand Acadian argues that even if FEMA is a necessary party, the appropriate remedy is not dismissal. Grand Acadian argues that FEMA cannot be joined as a party in this suit because the U.S. Court of Federal Claims has exclusive jurisdiction over claims against

FEMA arising out of the Contract Disputes Act of 1978.[11] 41 U.S.C. § 609. Grand Acadian next argues that FEMA is not an indispensable party because if the defendants were dismissed in this lawsuit, Grand Acadian could not sue them in another forum, since the U.S. Court of Federal Claims lacks jurisdiction over suits between two private parties. *See Berkeley v. United States*, 279 F.2d 9 (Ct. Cl. 1960). Moreover, Grand Acadian argues that FEMA cannot join the defendants as third-party defendants in the Court of Federal Claims. *See Bird v. United States*, 51 Fed. Cl. (Fed. Cl. 2002). Grand Acadian thus argues that it may only sue the current defendants in federal district court and that it may only sue FEMA in the U.S. Court of Federal Claims. Accordingly, Grand Acadian argues that even if FEMA is an indispensable party, this court should not dismiss the suit because there would be no other federal forum in which the defendants are amenable to suit. *See Collins v. General Motors Corp.*, 101 F.R.D. 1, 4 (E.D. Pa. 1982).

The burden of proof is on the party moving under Rule 12(b)(7) to "show the nature of the unprotected interests of the absent individuals or organizations and the possibility of injury to them or that the parties before the court will be disadvantaged by their absence." Group has not met its burden of showing that FEMA is a necessary party pursuant to FED. R. CIV. P. 19(a)(1). It is apparent that FEMA is not a necessary party under FED. R. CIV. P. 19(a)(2) because FEMA has not asserted its interest. Thus, because Group has not met its burden of showing that FEMA is a necessary party under FED. R. CIV. P. 19(a), this court need not decide whether FEMA is an indispensable party or whether the case should proceed or be dismissed under FED. R. CIV. P.

---

[11] The Tucker Act also provides that any claims against the United States based upon an express or implied contract are within the exclusive jurisdiction of the Court of Federal Claims. 28 U.S.C. § 1491(a)(1).

19(b); accordingly,

IT IS ORDERED that the Motion to Dismiss, [doc. 22], filed by Group, is hereby DENIED.

Lake Charles, Louisiana, this __11__ day of __Feb__, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE