

RECEIVED
IN LAKE CHARLES, LA

MAR 1 0 2008
PAT
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **GRAND ACADIAN, INC.** | : | **DOCKET NO. 2:07 CV 295** |
| **VS.** | : | **JUDGE MINALDI** |
| **FLOUR CORPORATION, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion to Dismiss For Failure to Serve the Defendants Timely,

pursuant to FED. R. CIV. P. 4(m) and FED. R. CIV. P. 12(b), filed by Dexter Honore, Dexter

Honore Construction, Inc., and Dexter Honore Construction Company, L.L.C. (hereinafter

"Dexter") [doc. 64].  The plaintiff, Grand Acadian, Inc. (hereinafter "Grand Acadian"), filed a

Memorandum in Opposition to Dexter's Motion to Dismiss For Failure to Serve the Defendants

Timely [doc. 72].  Grand Acadian also filed a Motion to Extend the Time for Service [doc. 71].

Because all of these motions relate to the issue of timely service, this court shall consider them

together.

Grand Acadian filed suit in Louisiana state district court on January 3, 2007.  Grand

Acadian requested service of process on both Dexter J. Honore and his LLC.[1]  On February 27,

2007, the Calcasieu Parish Clerk of Court sent a Notice to Grand Acadian that service was

---

[1] Pl.'s Mem. in Support of its Mot. to Extend the Time For Service, at 1 [doc. 71].
Apparently, no service could be requested on Dexter's corporation because it did not formally
exist.  Pl.'s Ex. A.

1

successfully completed on February 2, 2007.[2]  Grand Acadian alleges that it did not discover that service was unsuccessful until Dexter's attorney filed this Motion to Dismiss and informed Grand Acadian that the Clerk's Notice was wrong.[3]  The actual citation of service states that the process was "received," with a hand-written note that there was "no answer at the door."[4] Apparently a mistake was made when entering the service information into the computer in the Clerk's office.[5]

Virtually no activity has transpired in this case for the past eleven months while a Motion to Remand was pending.[6]  The parties have not conducted any discovery, nor have they exchanged initial disclosures.[7]  On November 30, 2007, after Judge Wilson issued the Report and Recommendation to deny Remand, Grand Acadian had Dexter re-served in his individual capacity.[8]  Moreover, Dexter's attorney filed an answer on December 27, 2007.[9]

Pursuant to FED. R. CIV. P. 4(m), the summons and complaint must be served within 120 days after the complaint is filed, but if the plaintiff can show "good cause," the district court may

---

[2] Pl.'s Ex. B.

[3] Pl.'s Mem. in Support of its Mot. to Extend the Time For Service, at 2 [doc. 71].

[4] Pl.'s Ex. C.

[5] Pl.'s Mem. in Support of its Mot. to Extend the Time For Service, at 2 [doc. 71].

[6] *Id.*  Judge Wilson recommended that the Motion to Remand be denied on November 7, 2007 [doc. 44].  This court adopted Judge Wilson's recommendation on January 2, 2008 [doc. 61].

[7] Pl.'s Mem. in Support of its Mot. to Extend the Time For Service, at 2 [doc. 71].

[8] [doc. 52].

[9] [doc. 58].

2

extend the time for service. FED. R. CIV. P. 4(m). Good cause typically requires plaintiffs to show they acted with diligence, and that a failure to serve was beyond their control. *See, e.g., Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). When the plaintiff shows good cause, the district court must grant the plaintiff an extension for an appropriate period of time. FED. R. CIV. P. 4(m); *see also Efan v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

If the plaintiff fails to show "good cause," the district court must dismiss the suit or, in its discretion, direct that service be accomplished within a specified time. FED. R. CIV. P. 4(m). A defendant may bring a motion for insufficient service of process, including the failure to serve within 120 days after commencement of suit, pursuant to FED. R. CIV. P. 12(b)(5). Service challenges are waived unless raised by a pre-answer Motion; thus, a defendant may not file a Motion to Dismiss for Failure to Timely Serve after filing an answer omitting that defense. FED. R. CIV. P. 12(h)(1)(B).

Dexter filed a Motion to Dismiss for Failure to Timely Serve because Grand Acadian failed to serve within 120 days of filing its complaint, as required by FED. R. CIV. P. 4(m). Dexter filed this Motion to Dismiss on January 23, 2008, after filing an Answer on December 27, 2007. Grand Acadian argues that it had "good cause" for failing to serve within 120 days because the Calcasieu Clerk's Office erroneously notified Grand Acadian that service was properly completed on February 2, 2007.[10] Grand Acadian therefore requests that the court ratify the November 25, 2007 service on Dexter in his individual capacity, [doc. 52], grant Grand Acadian an additional sixty (60) days within which to serve Dexter in his capacity as agent for his LLC,

---

[10] Pl.'s Ex. B.

3

and dismiss Dexter's corporation without prejudice because his corporation does not exist.

Dexter waived the affirmative defense of insufficient service of process by first filing an answer without preserving that defense. FED. R. CIV. P. 12(h)(1)(B). Moreover, this court finds that "good cause" existed for the delay because Grand Acadian received notice from the Clerk's Office that Dexter Honore Construction was served. Additionally, when Grand Acadian discovered that Dexter was not properly served, it re-served Dexter in his individual capacity on November 25, 2007; accordingly,

IT IS ORDERED that Dexter's Motion to Dismiss, [doc. 64], is hereby DENIED;

IT IS FURTHER ORDERED that the November 25, 2007 service on Dexter in his individual capacity is hereby RATIFIED;

IT IS FURTHER ORDERED that Grand Acadian shall have sixty (60) days to serve Dexter Honore Construction Company, L.L.C.;

IT IS FURTHER ORDERED that Dexter Honore Construction, Inc. is hereby DISMISSED.

Lake Charles, Louisiana, this _16_ day of March, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4