U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES
MAY 19 2008
ROBERT H. SHEMWELL, CLERK
BY DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GRAND ACADIAN, INC. | : | DOCKET NO. 2:07 CV 295 |
| VS. | : | JUDGE MINALDI |
| FLUOR CORPORATION, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Stay Proceedings pending the outcome of the plaintiff's claim pending before the United States Court of Federal Claims, [doc. 83], filed by Group Contractors L.L.C. (hereinafter "Group"), one of several named defendants. Defendants Dexter J. Honore and Dexter Honore Construction, L.L.C., filed a Memorandum of Support of Group's Motion [doc. 91]. The plaintiff, Grand Acadian (hereinafter "Grand"), filed a Motion in Opposition to Group's Motion to Stay Proceedings [doc. 94]. Group did not file a Reply.

## FACTS

After Hurricanes Katrina and Rita, Grand Acadian leased thirty acres of its property to the Federal Emergency Management Agency (hereinafter "FEMA") for an emergency housing trailer park.[1] FEMA contracted with Fluor to design and construct the FEMA trailer park.[2] Fluor contracted with Group, who contracted with Dexter, making all three defendants FEMA's

[1] Report and Recommendation, at 1 (Nov. 7, 2007) [doc. 44].

[2] *Id.*

subcontractors. Grand claims that the subcontractors essentially destroyed the property's usefulness for commercial development.[3] On February 11, 2006, FEMA ordered Group to cease construction on the Grand Acadian site.[4]

On July 5, 2006, Grand filed an administrative claim against FEMA, which was denied by final decision on December 14, 2006.[5] Grand then filed suit against FEMA in the United States Court of Federal Claims pursuant to 41 U.S.C. § 609.[6] Grand also filed a separate suit against the subcontractors in the 14th Judicial District Court for Calcasieu Parish on January 3, 2007, which was removed to federal court pursuant to 28 U.S.C. § 1442(a)(1).[7]

**ARGUMENT**

Group argues that this Court should stay these proceedings under its broad discretionary power pending a resolution of Grand's claims against FEMA in the United States Court of Federal Claims. The Court of Federal Claims has exclusive jurisdiction over contract disputes between governmental agencies. 41 U.S.C. § 609. Group argues that because the Court of Federal Claims will adjudicate the contract dispute between Grand and FEMA, this case should be stayed because the FEMA litigation implicates the same operative facts and the same relief as this case. Group argues that the issue of whether FEMA breached its contract clearly pertains to the work the FEMA subcontractors performed, and staying this case is in the interest of judicial

---

[3] *Id.*

[4] *Id.*

[5] Def.'s Mem. in Support of Mot. to Stay, at 2 [doc. 83].

[6] *Id.*

[7] Report and Recommendation, at 1 (Nov. 7, 2007) [doc. 44].

efficiency because of the risk of inconsistent factual determinations. Group also wants this case stayed to allow the Court of Federal Claims to make factual determinations that are unfavorable to Grand and reduce Group's burden of proof.

Group also argues that this Court should stay Grand's claim because the court with the narrower claim should stay its case in favor of the court with the broader claim (citing *New York Power Authority v. United States*, 42 Fed. Cl. 795, 802 (Fed. Cl. 1999)). Group argues that this Court has the narrower claim because Grand's breach of contract claim against FEMA is the broader issue that encompasses the negligence claims against FEMA's subcontractors.

Grand opposes the Motion to Stay. Grand argues that the Court of Federal Claims is unable to adjudicate Group's alleged negligence because Group is not a party to that suit, and the Court of Federal Claims cannot adjudicate claims against private parties. Thus, Grand argues that staying this proceeding pending a resolution in the Court of Federal Claims serves no purpose because the Federal Claims Court cannot adjudicate claims against private parties. Grand further argues that staying this case is inefficient because trial is scheduled for April 20, 2009, and a stay will delay this case's resolution. Grand also argues that staying the case will require duplicative discovery.

## ANALYSIS

The Court of Federal Claims properly has jurisdiction over Grand's contractual claims against FEMA, and this Court properly has jurisdiction over Grand's claims against the FEMA subcontractors.[8] "A stay of proceedings is a matter of convenience and order in practice, and not

---

[8] *See* Memorandum Ruling (Feb. 11, 2008) [doc. 73]. Pursuant to the Contract Disputes Act, the Court of Federal Claims has exclusive jurisdiction to adjudicate claims against FEMA. 41 U.S.C. § 609. The Court of Federal Claims, however, has no jurisdiction over suits between

a matter of strict right." 1A C.J.S. *Actions* § 319. Whether to grant a stay is within the discretion of the court. *Id.* The trial court, after balancing the interests of the judicial system and the parties, may grant a stay if doing so outweighs any potential harm to a party. *Id.*

Granting a stay in this case would not promote judicial efficiency. Although the two suits do implicate similar operative facts and seek similar relief, Group admits that any decision in Court of Federal Claims is not binding under the principle of collateral estoppel because the parties are different. Thus, regardless of the outcome in the Federal Claims Court, this Court will ultimately adjudicate Grand's claims against the FEMA subcontractors. Moreover, discovery is almost complete and trial is scheduled for April 2009.[9] If anything, staying the proceedings would promote judicial inefficiency because the parties have progressed so far in litigation. This Court finds that a stay would not promote judicial efficiency and thus declines to exercise its discretion to issue a stay; accordingly,

IT IS ORDERED that Group's Motion to Stay Proceedings [doc. 83] is hereby DENIED.

Lake Charles, Louisiana, this 19 day of May, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

two private parties. *See Berkley v. United States*, 279 F.2d 9 (Ct. Cl. 1960).

[9] Pretrial Conference Minutes (Feb. 28, 2008) [doc. 78]. Discovery is scheduled to be complete by May 30, 2008, and this case is set for trial on April 20, 2009. *Id.*