RECEIVED
IN LAKE CHARLES, LA
JUN 10 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GRAND ACADIAN, INC. | : | DOCKET NO. 2:07 CV 295 |
| VS. | : | JUDGE MINALDI |
| FLUOR CORPORATION, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Reconsider Motion for Summary Judgment,[1] filed by third-party defendant The Gray Insurance Company (hereinafter "Gray") [doc. 195]. Fluor Enterprises, Inc. (hereinafter "Fluor") filed an Opposition [doc. 197]. Gray did not file a Reply.

Litigants may move to alter or amend a judgment, provided such a motion is "filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[2] A motion to alter or amend a judgment is an extraordinary remedy and is seldom granted. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend a judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised prior to the entry of judgment." *Id.* Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to

---

[1] Gray asks this Court to reconsider certain aspects of its April 9, 2009 summary judgment ruling [doc. 187].

[2] The Judgment was signed on April 9, 2009, and entered into the docket on April 13, 2009 [doc. 188]. Gray's Rule 59(e) motion was filed on April 27, 2009. Gray's motion was timely filed pursuant to the time computation requirements of Fed. R. Civ. P. 6(a). Accordingly, this Court has jurisdiction to consider the Rule 59(e) motion. *U.S. Leather v. H&R P'ship*, 60 F.3d 222, 224 (5th Cir. 1995) (noting that the ten day period is jurisdictional).

1

correct manifest errors of law or fact or to present newly discovered evidence." *Id.*

Specifically, Gray asks this Court to reconsider its determination that "Grand Acadian alleges that at least some of the property damage–such as erosion–occurred after operations totally ceased in early 2006 when FEMA canceled the contract."[3] Gray argues that Grand Acadian's First Supplemental and Amending Complaint, which was filed on June 20, 2008,[4] fails to allege that the erosion occurred after the operations ceased. The First Supplemental and Amending Complaint was filed well before the summary judgment motions, and was considered in the April 9, 2009 Ruling. Gray does not present any newly-discovered evidence or manifest error of fact or law[5] that would prompt this Court to grant the Motion to Reconsider; accordingly,

IT IS ORDERED that the Motion to Reconsider Motion for Summary Judgment, [doc. 195], is hereby DENIED.

Lake Charles, Louisiana, this 28 day of May, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[3] Mem. Ruling, at 17-18 [doc. 187].

[4] [doc. 108].

[5] Gray also requests this Court rule that certain items of property damage are excluded from coverage under the Gray policies.

2