RECEIVED
IN LAKE CHARLES, LA

JUL 27 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GRAND ACADIAN, INC.** | : | **DOCKET NO. 2:07 CV 295** |
| **VS.** | : | **JUDGE MINALDI** |
| **FLOUR CORPORATION, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the Court is a motion to reconsider this Court's May 28, 2009 Memorandum Order[1] on Gray's prior motion to reconsider,[2] filed by Gray Insurance Company (hereinafter "Gray") [doc. 215]. Fluor Enterprises, Inc. (hereinafter "Fluor") filed an opposition [doc. 217].

On May 20, 2009, Gray filed a motion for leave to file an untimely reply to its motion for reconsideration [doc. 204]. The Court granted the motion on May 28, 2009 [doc. 209]. The motion for reconsideration was also signed on May 28, 2009 [doc. 212]. The May 28, 2009[3] Memorandum Order states that Gray did not file a Reply on the motion for reconsideration. Gray files this motion asking the Court to reconsider its Memorandum Order on its previous motion to reconsider to include consideration of Gray's reply.[4]

---

[1] Mem. Order (May 28, 2009) [doc. 212].

[2] Mot. to Reconsider (April 27, 2009) [doc. 195].

[3] Gray refers to this ruling as the June 10, 2009 Memorandum Order; however, the signature line indicates it was signed on May 28, 2009.

[4] [doc. 210].

1

Litigants may move to alter or amend a judgment, provided such a motion is "filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend a judgment is an extraordinary remedy and is seldom granted. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend a judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised prior to the entry of judgment." *Id.* Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*

Gray's first argument in its reply, [doc. 210], is that Grand Acadian has failed to state a claim for erosion, and this failure precludes Gray from having a duty to defend. Gray rejects Fluor's assertion that Gray failed to make this argument prior to the summary judgment ruling. Gray notes that while this argument was not specifically advanced in support of Gray's motion for summary judgment, it was in the pleadings of record before the Court ruled.[5] Gray then argues that it is not merely reiterating its previous arguments, but is making arguments that were not addressed in the initial ruling. As the Fifth Circuit noted in *Templet*, a motion to alter or amend a judgment, or a motion to reconsider a ruling on a motion to alter or amend a judgment, is not the proper vehicle for raising arguments that could have been raised prior to the entry of judgment. This Court does not consider an argument raised in a separate set of briefs filed two days before this motion was ruled on to be an issue properly raised before the entry of judgment. Furthermore, Gray does not present any newly-discovered evidence or manifest error of fact or law that would prompt this Court alter or amend its previous ruling.

---

[5] Gray states it asserted this argument in its opposition, [doc. 185], to Fluor's summary judgment motion [doc. 174]. This was filed two days before the ruling that Gray now asks this Court to reconsider was signed.

2

Gray alternatively requests that this Court issue a ruling that even if it has a duty to defend, certain items of property damage are excluded from coverage. A Rule 59(e) motion is an inappropriate vehicle for granting such relief, because, as stated above, a motion to alter or amend judgment allows "a party to correct manifest errors of law or fact or to present newly discovered evidence;" accordingly,

IT IS ORDERED that the Motion to Reconsider the Motion to Reconsider of May 28, 2009, [doc. 215], is hereby DENIED.

Lake Charles, Louisiana, this 27 day of July, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE