RECEIVED
IN LAKE CHARLES, LA.

FEB 25 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GRAND ACADIAN, INC. | : | DOCKET NO. 2:07 CV 295 |
| VS. | : | JUDGE MINALDI |
| FLUOR CORPORATION, et al | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a Motion for Partial Summary Judgment Regarding Plaintiff's Infrastructure Claim, filed by Group Contractors, LLC and adopted by Fluor Enterprises, Inc. and Plant Performance Services, LLC ("Fluor") [doc. 341]. The plaintiff, Grand Acadian, Inc. ("Grand"), filed an Opposition, [doc. 394], and Fluor filed a Reply [doc. 409].

### FACTS

In December 2004, Grand purchased 60 acres of property in Sulphur, Louisiana ("the Grand Acadian Site") on which to build and develop an RV park.[1] In September 2005, following Hurricanes Katrina and Rita, the United States Army Corps of Engineers ("the Corps") and the Federal Emergency Management Agency ("FEMA") identified the Grand Acadian Site as a possible location for construction of a group housing site for displaced hurricane victims.[2] FEMA had previously awarded a contract to Fluor to assist FEMA in providing temporary housing in the

---

[1] First Supp. Pet. [doc. 108].

[2] Def.'s Ex. 9, pp. 22, 26-27 (Jarboe Dep.) [doc. 246-31].

1

aftermath of natural disasters.[3]

On December 7, 2005, the United States executed an agreement with Grand ("the FEMA Lease") to lease the western 27.4 acres of the Grand Acadian Site for use as a FEMA trailer park ("the FEMA Leased Property").[4] FEMA agreed that "[a]ny physical additions or improvements to the [property] made by the Government will become the property of [Grand]," and Grand "may require that the Government, at the end of the Term and at the Government's expense, repair any alterations and restore the premises to the condition existing at the lease commencement date, normal wear excepted."[5]

In accordance with the FEMA Lease, FEMA directed Fluor to construct a FEMA trailer park on the FEMA Leased Property.[6] Fluor began construction activities in January 2006, and FEMA cancelled the park project in February 2006. Grand alleges that FEMA halted construction because of Fluor's negligent construction practices and increased costs, while Fluor insists that soil conditions on the FEMA Leased Property significantly affected the project costs and schedule. Fluor contends that FEMA cancelled the park project due to the decreasing need for temporary housing. FEMA eventually cancelled the FEMA Lease in December 2006. In late 2007, Grand filed a lawsuit against the United States, alleging FEMA breached the lease by failing to restore the FEMA Leased Property to its original condition and by failing to construct the FEMA trailer park on the FEMA

---

[3] Def.'s Ex. 7 (Ashby Decl.) [doc. 246- 8].

[4] Def.'s Ex. 1 (FEMA Lease) [doc. 341-3].

[5] *Id.*

[6] Def.'s Ex. 10, pp. 42-45 (Nadsady Dep.) [doc. 246- 32]; Def.'s Ex. 15 [doc. 246-37].

2

Leased Property.[7]

Grand also filed suit against Fluor, alleging that Fluor's negligent dirt work on the FEMA Leased Property caused FEMA to breach the FEMA Lease. Grand seeks damages for the lost infrastructure and improvements that Grand alleges FEMA was contractually obligated to install. This case is scheduled for a jury trial on March 22, 2010.

## ANALYSIS

Fluor argues that summary judgment is appropriate because the FEMA Lease did not contractually obligate FEMA to install any improvements, so Grand cannot recover the value of infrastructure to which it was not entitled. Fluor cites the Court of Federal Claims' summary judgment ruling that the FEMA Lease did not contractually obligate FEMA to install any infrastructure or improvements on the FEMA Leased Property. The Court stated, "the Lease does not require payment of damages in lieu of the construction of improvements when the Lease was terminated prior to the construction of improvements."[8] Further, the court found that "nowhere in the standard contract does it create an affirmative duty for the Government to build Grand Acadian a $12 million RV park, or any park at all."[9] Fluor argues that Grand's claim for the value of lost infrastructure hinges on whether FEMA had an obligation to build the infrastructure; thus, since FEMA did not have an affirmative duty to build the RV Park, Fluor contends that it cannot be held liable for FEMA's failure to do so.

---

[7] Def.'s Ex. 3 [doc. 341-5]. The Court of Federal Claims is handling Grand's lawsuit against the United States.

[8] *Grand Acadian, Inc. v. United States*, 87 Fed.Cl. 193, 201 (Fed.Cl. 2009).

[9] *Id.*

3

Alternatively, Fluor argues that even if FEMA had a contractual duty to build the infrastructure, Fluor is not liable in tort for damages stemming from FEMA's alleged breach because Louisiana does not recognize claims for negligent interference with a contract. Fluor adds that Louisiana law also bars recovery for Grand's claims for indirect economic loss due to Fluor's negligence.

Grand counters that it seeks damages based on Fluor's direct physical damage to its property, and not for Fluor's interference with a contract. Grand acknowledges that the FEMA Lease did not contractually bind FEMA to build the infrastructure; therefore, there was no contract with which Fluor interfered. Instead, Grand contends that it has a valid tort claim against Fluor, and the relevant issue is causation- whether Fluor's negligent construction methods caused Grand's damages. Grand insists that Fluor may not escape its responsibility to make Grand whole simply because FEMA did not have a contractual duty to build the infrastructure and improvements.

Louisiana does not recognize a cause of action for negligent interference with contract rights. *Carter v. Smith*, 607 So. 2d 6, 7 (La. App. 2 Cir. 1992) (citing *Great Southwest Fire Ins. Co. v. CNA Ins. Cos.*, 557 So. 2d 977 (La. 1990)). In *Carter*, a caretaker for a handicapped patient sued a bus driver and a school board after she was fired due to an accident with the school bus. *Id.* at 6. Using a duty/risk analysis, the court granted summary judgment and found that the risk that the patient's mother might terminate the plaintiff's at-will employment was "too remote from the bus driver's duty to drive safely to prove legal cause." *Id.* at 7. The Court found that the association between the risk and the harm was "too tenuous to support a finding of liability." *Id.*

The court in *Cleco Corp. v. Johnson*, also used a causation analysis. *Cleco Corporation v. Johnson*, 2001-0175 (La. 9/18/01) 795 So. 2d 302. In *Cleco*, a dump truck operator backed into a

4

utility pole, causing a voltage surge and property damage to Cleco customers' electrical appliances and equipment and Cleco attempted to recover damages paid to its customers based on their electricity contract with Cleco. *Id.* at 303-304. The Louisiana Court of Appeal initially dismissed Cleco's claim, finding it had no cause of action for "negligent interference with contractual relations resulting in physical damage." *Id.* The Louisiana Supreme Court reversed that decision, finding that Cleco did have a cause of action. *Id.* at 306. The Court explained that "[a] trier of fact may find that there is an ease of association between a person who damages an electrical pole, causing a power surge and the damage to electrical equipment in the homes and business supplied with power by the damaged electrical pole." *Id.*

Grand submits evidence in support of its contention that Fluor's failure to drain the property destroyed the soil and made the project too costly, thereby causing FEMA to cancel the project and the FEMA Lease. Grand notes that on January 21, 2006, Fluor contacted FEMA and requested an additional $2.8 million to replace soil and continue construction.[10] FEMA official Tom Nadsady subsequently issued a "stop work" order, cancelling the project "due to increased cost above original estimate."[11] Finally, Grand disputes Fluor's contention that FEMA cancelled the park because the need for housing diminished and submits Ramona Van Cleve's testimony that the project was stopped "by someone higher up."[12]

Grand has submitted evidence demonstrating genuine issues of material fact regarding whether Grand's damages fall within the scope of the contractors' duty not to damage the FEMA

---

[10] Pl.'s Ex. 261 [doc. 283-15].

[11] Pl.'s Ex. 262 [doc. 283-16].

[12] Def.'s Ex. 31, pp. 36-37 (Van Cleve Dep.) [doc. 246-54].

Leased Property. It is for the trier of fact to determine whether Grand's loss of infrastructure was a foreseeable consequence of Fluor's negligent construction work. Accordingly,

IT IS ORDERED that Fluor's Motion for Partial Summary Judgment, [doc. 341], is hereby DENIED.

Lake Charles, Louisiana, this 25 day of February, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE