RECEIVED
IN LAKE CHARLES, LA.

MAR 22 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GRAND ACADIAN, INC.** | : | **DOCKET NO. 2:07 CV 295** |
| VS. | : | JUDGE MINALDI |
| **FLUOR CORPORATION, ET AL** | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion in Limine filed by Fluor Enterprises, Inc. ("Fluor") [doc. 431]. The plaintiff, Grand Acadian, Inc. ("Grand"), filed an Opposition [doc. 435]. Fluor filed a Reply [doc. 456].

Fluor seeks to exclude the testimony of Grand's principals about the effect that this lawsuit and Grand's dispute with the Federal Emergency Management Agency ("FEMA") has had on their personal and financial well-being. Fluor notes that Grand is a corporate plaintiff; thus, it is not entitled to any damages for inconvenience or mental anguish. Further, Grand's principals are not the plaintiffs in this action and have no claims against Fluor. For these reasons, Fluor argues that testimony from Grand's principals about the personal and financial effects of this lawsuit is irrelevant, immaterial, and will confuse and mislead the jury.

Grand argues that such evidence is relevant to show Grand's personal reasons for restoring its property and its intent to restore the property. Additionally, Grand argues the testimony is relevant to prove Grand's detrimental reliance claim and to prove that Grand likely would have succeeded in its RV development if Fluor had not negligently performed the dirt work.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

Under Louisiana law, a corporation cannot recover damages for emotional distress or mental anguish. *Walle Corp. v. Rockwell Graphics Systems, Inc.*, 1992 WL 245963 at *4 (E.D. La.) (*citing Hale Farms, Inc. v. American Cyanamid Co.*, 580 So. 2d 684, 687 (La. App. 2d Cir. 1991). Furthermore, a corporation cannot recover inconvenience damages, or any nonpecuniary damages. *Id.* at *5. When a corporation's personnel are "seriously inconvenienced" "to the extent that this inconvenience cost [corporate plaintiff] money, it must be reflected in [corporate plaintiff]'s lost profits or expenses incurred. To the extent that the inconvenience is not reflected in [corporate plaintiff]'s lost profits or expenses, [corporate plaintiff] has not been injured." *Id.*

This Court dismissed Grand's claim for detrimental reliance, limited Grand's property damage claim to the difference in the property value before and after the alleged harm, and dismissed Grand's claim for lost profits.[1] Thus, testimony from Grand's principals regarding the lawsuit's financial and personal effects is irrelevant to Grand's remaining claims. Accordingly,

IT IS ORDERED that Fluor's Motion in Limine is GRANTED. Grand's principals are excluded from testifying about the effects that this lawsuit and Grand's dispute with FEMA has had on their personal and financial well-being.

---

[1] *See* [doc. 463], [doc. 512], and Judgment granting Fluor's Motion for Partial Summary Judgment on Plaintiff's Lost Profits Claim [doc. 338].

Lake Charles, Louisiana, this 22 day of March, 2010.

                                              PATRICIA MINALDI
                                              UNITED STATES DISTRICT JUDGE