RECEIVED
IN LAKE CHARLES, LA.

MAR 29 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GRAND ACADIAN, INC. | : | DOCKET NO. 2:07 CV 295 |
| VS. | : | JUDGE MINALDI |
| FLUOR CORPORATION, ET AL | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM RULING**

Before the Court is a Motion in Limine filed by the plaintiff, Grand Acadian, Inc. ("Grand")
[doc. 436]. Defendants Fluor Enterprises, Inc. and Plant Performance Services, LLC ("Fluor") filed
an Opposition [doc. 510].

**FACTS**

On December 7, 2005, the United States executed an agreement with Grand ("the FEMA
Lease") to lease the western 27.4 acres of the Grand Acadian Site for use as a FEMA trailer park
("the FEMA Leased Property").[1] FEMA agreed that "[a]ny physical additions or improvements to
the [property] made by the Government will become the property of [Grand]," and Grand "may
require that the Government, at the end of the Term and at the Government's expense, repair any
alterations and restore the premises to the condition existing at the lease commencement date, normal
wear excepted."[2]

In accordance with the FEMA Lease, FEMA directed Fluor and other contractors to construct

---

[1] Def.'s Ex. 1 (FEMA Lease) [doc. 341-3].

[2] *Id.*

a FEMA trailer park on the FEMA Leased Property.[3]  Fluor began construction activities in January 2006, and FEMA cancelled the park project in February 2006.

In late 2007, Grand filed a lawsuit against the United States, alleging FEMA breached the lease by failing to restore the FEMA Leased Property to its original condition and by failing to construct the FEMA trailer park on the FEMA Leased Property.[4]   FEMA denied Grand's claim and filed a counterclaim, alleging that Grand owes FEMA money.[5]  That lawsuit is currently in discovery phase and no trial date has been scheduled.[6]

## ANALYSIS

Grand seeks to exclude any evidence of Grand's lawsuit against FEMA because such evidence is irrelevant and unfairly prejudicial under Fed. R. Evid. 401, 402, and 403.  Grand argues that its claim against FEMA is simply a contested claim for which no damages have been awarded and for which recovery is uncertain, so it does not help to prove the existence of any fact in the present case.  Further, Grand contends that any reference to its pending claim against FEMA poses undue prejudice as the jury may improperly rely on the possibility of recovery from FEMA when determining liability and damages.

Additionally, Grand argues that even if it eventually recovers damages from FEMA, the recovery will come from a collateral source; thus, any reference to the FEMA claim in this lawsuit

---

[3] Def.'s Ex. 10, pp. 42-45 (Nadsady Dep.) [doc. 246- 32]; Def.'s Ex. 15 [doc. 246-37].

[4] Def.'s Ex. 3 [doc. 341-5].  The Court of Federal Claims is handling Grand's lawsuit against the United States.

[5] Pl.'s Motion in Limine [doc. 436].

[6] *Id.*

violates the Collateral Source Rule and will lead to reversible error.

Fluor counters that evidence of Grand's FEMA claim is relevant to the issue of intervening/superseding cause. Fluor's position is that FEMA's wrongful breach of the FEMA Lease and FEMA's actions prohibiting Fluor from restoring the FEMA Leased Property constitute an intervening/superseding cause that relieves Fluor of any tort liability. Fluor notes that in support of its summary judgment motion on the issue intervening/superseding cause, it cited the Court of Federal Claims' ruling that the United States had a contractual duty to restore the FEMA Leased Property to pre-lease conditions.[7] Fluor also notes this Court's conclusion that "whether the original cause (Fluor's negligent construction practices) produced Grand's damages in a natural and continuous sequence, or whether FEMA's breach of the lease is so far removed from Fluor's negligence as to break the causal connection and relieve Fluor of all liability...are issues of fact...central to this litigation."[8]

Fluor insists that evidence pertaining to Grand's FEMA claim is relevant because Grand has also relied on evidence of the FEMA Claim in this litigation. Fluor points to Grand's citing of the Court of Federal Claims' order that the FEMA Lease is a fully integrated agreement.[9] Further, Fluor argues that evidence of FEMA's role should not be excluded because Pat McConnaughhay ("McConnaughhay"), co-founder and shareholder of Grand, has admitted that Grand would have suffered no damage in this case if the United States had not breached its contractual obligation under

---

[7] Memorandum Ruling, p. 11 [doc. 447].

[8] Memorandum Ruling, p. 14 [doc. 447].

[9] Pl.'s Motion for Partial Summary Judgment on Release [doc. 260].

the FEMA Lease to restore the FEMA Leased Property to its original condition.[10]

Additionally, Fluor argues that the FEMA claim is relevant to the issue of comparative fault. Fluor claims that FEMA's action, which are complained of in the FEMA lawsuit, contributed to the alleged property damage and the alleged diminution of the property value; thus Fluor argues that evidence of the FEMA lawsuit, wherein Grand affirmatively asserts the fault of FEMA, should not be excluded from this lawsuit.

Fluor contends that evidence of Grand's inconsistent positions taken in support of its FEMA claim is admissible under Fed. R. Evid. 801(d). Fluor notes that in support of its FEMA claim, Grand asserted in pleadings that FEMA is responsible for the cost of restoring the FEMA Leased Property and argues these pleadings are admissible because they are inconsistent with Grand's position here that Fluor is responsible for the same damages.

Fluor argues that Grand is judicially estopped from asserting that Fluor is solely responsible for restoring the FEMA Leased Property because, as noted above, Grand stated a contrary position in an earlier proceeding.

Fluor also argues that Fed. R. Evid. 403 does not bar admission of evidence of Grand's FEMA claim because the probative value of evidence of Grand's FEMA lawsuit outweighs any prejudicial value. Fluor insists that the evidence is highly relevant to the central issue of causation.

Finally, Fluor insists that the collateral source rule does not warrant exclusion of Grand's FEMA lawsuit. Fluor argues that the rule has no application to causation questions, such as whether FEMA's actions were the intervening cause of Grand's damages. Fluor adds that even if the rule

---

[10] Def.'s Ex. 3, pp. 201-202 (Grand Dep) [doc. 246-5]; Def.'s Ex. 4, pp. 304-305 (McConnaghhay Dep.) [doc. 246-6];

4

does apply, the harm sought to be prevented by the collateral source rule may be prevented by a jury instruction as to the proper role of the evidence. Also alternatively, Fluor argues it could introduce evidence of Grand's FEMA claim to impeach Grand's witness, including McConnaughhay, by the inconsistency of Grand's positions in the two lawsuits.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

Fed. R. Evid. 801(d) provides that prior statements by witnesses and admissions by party opponents are not hearsay and therefore not barred by Fed. R. Evid. 802. Factual allegations in the trial court pleadings of a party in one case may be admissible in a different case as evidentiary admissions of that party. *Hardy v. Johns-Manville Sales Corp.*, 851 F.2d 742, 745 (5th Cir. 1988). Likewise, "statements a party makes in pleadings in one case that are inconsistent with the positions a party takes in another case may be admissible as admissions against interest or for impeachment." *In re Zonagen, Inc. Sec. Litig.*, 322 F. Supp. 2d 764, 783 (S.D. Tex. 2003).

The Collateral Source Rule "generally denies to a tortfeasor a reduction in its liability by any amounts the plaintiff receives from a source collateral to, or independent of, the tortfeasor." *Phillips v. Western Company of North America*, 953 Fo.2d 923, 929 (5th Cir. 1992). Further, "[t]he substantive rule of no reduction carries with it an evidentiary rule requiring the exclusion of evidence

5

of any collateral benefits." *Id.* The collateral source rule has been applied to a variety of factual circumstances, although it typically applies to tort cases involving insurance payments or other benefits." *Bozeman v. State of Louisiana*, 2003-1016 (La. 7/2/04), 879 So. 2d 692.

If a tortfeasor seeks to introduce evidence of payments received by the plaintiff to impeach the credibility of the plaintiff, then the collateral source rule is inapplicable. *Stewart v. American Family Mutual Insurance*, 2008 WL. 440331 at *2 (E.D. La. 2008). Finally, courts have declined to apply the collateral source rule where its application would result in a windfall or double recovery. *See Bellard v. Am. Cent. Ins. Co.*, 980 So. 2d 654, 668 (La. 2008) ("The purpose of tort damages is to make the victim whole. This goal is thwarted, and the law is violated, when the victim is allowed to recover the same element of damages twice.")

Here, evidence relating to Grand's lawsuit against FEMA is relevant to the issues of intervening/superseding cause and comparative fault. Fluor claims that FEMA's actions contributed to the alleged property damage and the alleged diminution of the property value; thus, evidence of the FEMA lawsuit, wherein Grand affirmatively asserts the fault of FEMA, should not be excluded from this lawsuit. Moreover, the collateral source rule is inapplicable here because of the inconsistency of Grand's positions regarding fault in the two lawsuits. Accordingly,

IT IS ORDERED that Grand's Motion in Limine is DENIED.

Lake Charles, Louisiana, this ___ day of March, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

6