RECEIVED
IN LAKE CHARLES, LA.

MAR 29 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GRAND ACADIAN, INC. | : | DOCKET NO. 2:07 CV 295 |
| VS. | : | JUDGE MINALDI |
| FLUOR CORPORATION, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion in Limine to Exclude Evidence and Testimony Related to Investigations and Reports of Freese and Nichols, Inc., filed by defendants Fluor Enterprises, Inc. and Plant Performance Services, LLC ("Fluor") [doc. 464]. The plaintiff, Grand Acadian, Inc. ("Grand"), filed an Opposition [doc. 553].

## FACTS

In May 2006, FEMA engaged Freese and Nichols, Inc. ("F&N") to identify measures and develop an opinion of probable construction costs for the restoration of the FEMA Leased Property.[1] F&N based its report on "readily available published information, documentation provided by FEMA and Pat McConnaughhay ("McConnaughhay"), and F&N personnel observations during site visits on May 15, 16 and 18, 2006.[2] In its May 2006 report, F&N presented several opinions regarding the suitability of the current site soil conditions for mobile home park development, the cause and responsible parties for the existing conditions on the property, the probable construction costs

---

[1] Def.'s Ex. 5, p. 3 (May 2006 Report) [doc. 464-6].

[2] *Id.*

necessary to restore the property to a "developable condition," and the probable construction costs necessary to reestablish forest cover to the conditions prior to the FEMA Lease.[3] F&N also issued a December 2006 report, which supersedes the May 2006 report.[4]

## ANALYSIS

Fluor urges this Court to exclude the May 2006 and December 2006 reports issued by F&N employees, and to exclude any F&N employee testimony related to these reports. Grand does not contest the inadmissibility of the December 2006 report; accordingly, the portion of Fluor's motion regarding the December 2006 F&N report is GRANTED.

Fluor argues that F&N's May 2006 report is inadmissible because it is an out-of-court statement that Grand will introduce to prove that the FEMA Leased Property was damaged. Fluor insists that the report is hearsay and not actual evidence of the property's condition. Fluor adds that expert reports are generally not admissible at trial because they are considered hearsay; thus, the expert's testimony, not the report, is generally presented to the jury.

Fluor contends that the report is inadmissible because Grand failed to comply with the expert disclosure requirements of Fed. R. Civ. P. 26 and this Court's scheduling order. Fluor notes that Grand failed to properly identify any specific witnesses to provide expert testimony regarding the F&N reports and failed to identify the scope of expertise of F&N employees or particular areas about which they might testify. Further, the report is not an "expert" report because the report does not contain the expert qualifications of any individuals, does not include a list of publications authored by F&N employees or a list of any previous cases in which any responsible F&N employees

---

[3] *Id.* at 3-4.

[4] Def.'s Ex. 6, p. 1 (Dec. 2006 Report) [doc. 464-9].

provided expert testimony. Fluor points to the Court's Revised Scheduling Order, which lists June 30, 2009 as plaintiff's deadline to produce all expert witness reports, but notes that Grand failed to comply with this deadline.

Fluor avers the opinions in the May report are also inadmissible as "lay opinion" testimony because the opinions require specialized knowledge beyond the realm of a lay person's experience.

Finally, Fluor argues that the F&N employees are not qualified to provide reliable testimony regarding the opinions in the May 2006 report. Fluor contends that the depositions of Shanks, Bosecker, Votaw, and Hatley demonstrate that they are unqualified to render the opinions, were not responsible for the opinions, or lacked personal knowledge of the facts and assumptions necessary to form the opinions provided in the reports. Grand plans to introduce the testimonies of Shanks and Bosecker only; accordingly, the portions of Fluor's motion regarding Hatley and Votaw are GRANTED.

Fluor highlights Shanks' admission that he has no expertise regarding the F&N report opinions. Shanks stated he was responsible for project budgeting and scheduling, but not for developing the opinions contained in the report.[5] Fluor notes that when asked about specifics in the report, Shanks repeatedly declined to answer questions and deferred to the engineers' expertise.[6] Fluor also points out that beyond a listing of his degrees and a brief description of his work history, Shanks' deposition provides no information regarding his qualifications. Nor does Shanks provide evidence regarding the validity of scientific principles used in connection with his reports; thus, Fluor argues his testimony is unreliable. Fluor adds that Shanks is also unqualified to render lay

---

[5] Def.'s Ex. 1, pp. 13-14 (Shanks Dep.) [doc. 464-2].

[6] Def.'s Ex. 1, pp. 14-19, 22-25 (Shanks Dep.) [doc. 464-2].

3

opinion testimony because of his admission that he was not one of the F&N representatives who visited the Grand site during the May 2006 investigation.[7]

Fluor contends that Bosecker is also unqualified to render expert testimony because Shanks, not Bosecker, prepared the May 2006 report. Fluor adds that Bosecker was not involved with the estimated cost calculation and the development costs estimates, which are some of the report's most critical aspects. Fluor notes Bosecker describes himself as a "geotechnical engineer," and beyond his degrees in geology and civil engineering, he offers no other information to support qualification as an expert witness.[8] Fluor also points out Bosecker's testimony that he was unaware of what construction activities occurred on the site.[9]

Grand argues that Bosecker's May 2006 report is not hearsay. Grand intends to introduce Bosecker's testimony through his deposition, which Grand asserts is not an "out-of-court" statement, but will be his "in court" testimony. Grand argues that the report is relevant because it anticipates that Fluor will offer evidence of its "clean up" activities to rebut Grand's diminution in property value claim, and Grand alleges that once Fluor received Bosecker's May 2006 report, Fluor started to "clean up" the site by burning and burying debris.

Alternatively, Grand argues that if the report is hearsay, it is nevertheless admissible for multiple reasons. Grand contends that it properly designated F&N witnesses as experts and points to its July 2008 interrogatory response listing individual F&N employees and the specific letter or

---

[7] Def.'s Ex. 1, pp, 51, 58 (Shanks Dep.) [doc. 464-2].

[8] Def.'s Ex. 2, pp, 8-9 (Bosecker Dep.) [doc. 464-3].

[9] Def.'s Ex. 2, p. 81 (Bosecker Dep.) [doc. 464-3].

report to be used in their testimony.[10] In addition, Grand notes that it notified Fluor in December 2008 of its intention to introduce Bosecker's deposition testimony at trial rather than his live testimony. Grand also points out that Fluor has been aware of the F&N report since 2006 and was allowed to cross-examine all F&N witnesses in depositions; thus, Fluor is not "left to wonder" about the subject of any F&N personnel's testimony.

Grand argues that no expert report was required because F&N was not retained by Grand. Grand points out that F&N was not within Grand's control and Grand could not speak to F&N employees outside of formal depositions.

Finally, Grand argues that both Shanks' and Bosecker's testimony is reliable. Grand cites that Bosecker's professional engineering credentials and argues that the work he performed on the Grand project is within his expertise of geotechnical engineering.[11] Grand points out that in conducting his assessment of the Grand property, Bosecker visited the site on May 18, 2006.[12] Grand describes some of Bosecker's actions at the site and the information used in forming his opinion and argues that Bosecker's methodology is reliable. Grand adds that Bosecker's opinion regarding the cost of restoring the property to its developable condition is relevant to determine the diminution in Grand's property value.

Grand acknowledges that Shanks actually prepared the report, but highlights that Bosecker visited the Grand site, conducted soil boring, and reviewed that information to reach his opinions. Further, Bosecker placed his professional engineering stamp on the May 2006 report, indicating that

---

[10] Pl.'s Opp., p. 10 [doc. 553].

[11] Pl.'s Ex. 5, pp. 9-11, 18 (Bosecker Dep.) [doc. 553-6].

[12] Pl.'s Ex. 5, p. 26 (Bosecker Dep.) [doc. 553-6].

he took full responsibility for the engineering portions of the work, and for the portions of the report he did not write.[13] Grand contends that Fluor's arguments for exclusion of Bosecker's opinion relate to the weight of his opinion rather than the admissibility and argues that the jury should be allowed to weigh the facts, assumptions, and methodology used by Bosecker to make a determination as to causation and damages.

Grand does not seek to introduce Shanks as an expert regarding the May 2006 report, but argues that Shanks is qualified to testify as F&N's project manager on the Grand project. Shanks acted as a liason between F&N and the government, and Grand argues that his testimony is relevant to show that the government was pressuring F&N to alter its May 2006 opinion and submit a new report.

Fed. R. Civ. P. 26(a)(2)(A) provides that a party must disclose the identify of any witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705. This disclosure must be accompanied by a written report, prepared and signed by the witness, if the witness is one retained or specially employed to provide expert testimony in the case. Fed. R. Civ. P. 26(a)(2)(B).

Here, Grand complied with the disclosure requirements of Fed. R. Civ. P. 26. In a July 2008 answer to Fluor's Interrogatory No. 17, Grand notified Fluor that Bosecker would testify regarding the F&N May 2006 report, even though F&N personnel were not retained by Grand.[14] Fluor has been aware of and had access to the F&N report since 2006 and the content of that report has not changed. In October 2006, Fluor was formally allowed to rebut the May 2006 report and has been allowed to cross-examine all witnesses in depositions. Grand notified Fluor in December 2008 that

---

[13] Pl.'s Ex. 5, p. 15 (Bosecker Dep.) [doc. 553-6].

[14] Pl.'s Ex. 2 [doc. 553-2].

it intended to introduce Bosecker's deposition testimony rather than his live testimony; thus, Fluor should not be surprised at trial by any of Bosecker's testimony Grand offers. Further, no expert report was required because F&N was not retained or specially employed by Grand. Finally, Bosecker's professional credentials and work history render him qualified to give expert testimony. Bosecker visited the site, conducted activity in conjunction with the report, and took full responsibility for the report's content. Fluor's challenges to Bosecker's credibility are issues for trial, as the deadline for *Daubert* motions has passed. Accordingly, this portion of Fluor's motion is DENIED.

Grand argues that Shanks' testimony is relevant to show that the government pressured F&N to submit a new report. F&N's second report, dated December 2006, is excluded; thus, Shanks' testimony is irrelevant and this portion of Fluor's motion is GRANTED.

Accordingly,

IT IS ORDERED that Fluor's Motion in Limine is GRANTED in part and DENIED in part. F&N's December 2006 report, Hatley's testimony, Votaw's testimony, and Shanks' testimony are excluded, and Bosecker's deposition testimony is admissible.

Lake Charles, Louisiana, this 27 day of March, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE