RECEIVED
IN LAKE CHARLES, LA.

MAR 29 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| GRAND ACADIAN, INC. | : | DOCKET NO. 2:07 CV 295 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| FLUOR CORPORATION, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a Motion in Limine filed by defendants Fluor Enterprises, Inc. and Plant Performance Services, LLC ("Fluor") [doc. 478]. The plaintiff, Grand Acadian, Inc. ("Grand"), filed an Opposition [doc. 557].

### ANALYSIS

On January 13, 2010, this Court granted Grand's motion for voluntary dismissal. The Order states "all Plaintiff-Grand's claims for erosion, loss of soil from the site and/or lowering of the surface elevation at the site against all defendants are dismissed with prejudice [doc. 407].

Fluor seeks to exclude evidence related to erosion, loss of soil, and lowering of the site surface elevation because evidence pertaining to Grand's dismissed claims is irrelevant. Such evidence includes, but is not limited to: the presence of silt in the bayou, the amount of soil that may have eroded from the property, and Fluor's alleged actions or inactions to prevent the soil movement. Fluor adds that such evidence would also unfairly prejudice Fluor because Grand has already received $400,000 in settlement funds. Further, Fluor argues that such evidence will confuse the material issues because the jury may think that these damages are still recoverable and may assess

damages for these claims against Fluor.

In addition to general evidence related to Grand's dismissed claims, Fluor argues that some specific evidence should also be excluded. Fluor anticipates that Grand will attempt to introduce communications between Fluor, FEMA, and the Louisiana Department of Environmental Quality ("LDEQ") regarding the presence and removal of silt in the bayou adjacent to the property. Fluor notes that these communications relate solely to site investigations undertaken to determine the amount and location of silt runoff from the property and discuss various measures regarding compliance with the storm water permit for the site; therefore, Fluor argues this evidence is irrelevant. Fluor contends that allowing Grand to introduce evidence of these communications would confuse and mislead the jury regarding the remaining issues for trial. Further, Fluor argues that any limited probative value this evidence may have to other claims is clearly outweighed by the danger of unfair prejudice Fluor would suffer if Grand introduces evidence related to claims it has dismissed with prejudice.

Fluor also seeks to exclude the testimony of Fluor's employee Timothy Wilson ("Wilson") regarding his work on the property and to exclude a copy of a recorded telephone conversation between Wilson and Grand's executive Pat McConnaughhay ("McConnaughhay"). Fluor notes Wilson's deposition testimony, in which he stated that his work on the Grand site was extremely limited and related only to erosion and soil loss problems. Specifically, Wilson stated that his responsibility was to oversee the remediation efforts, which were for erosion control on the property and cleaning out silt in the adjacent bayou, and that all of his efforts were related to compliance with the storm water permit.[1] Fluor contends that Wilson's testimony relates solely to issues involving

---

[1] Def.'s Ex. 1, pp. 30, 31, 36 (Wilson Dep.) [doc. 478-2].

erosion control and soil loss and are irrelevant to Grand's remaining claims.

Fluor adds that Wilson's conversation with McConnaughhay is also irrelevant because Wilson discusses site erosion and Fluor's compliance with the stormwater pollution prevention permit LDEQ issued Fluor to prevent erosion. Fluor notes that when asked about his conversation with McConnaughhay, Wilson explained that the only thing he was referring to was erosion and the erosion control activities, namely hay bales and retaining water on the site to allow grass seed to germinate and grow in the ditches to control the erosion.[2] Fluor adds that Wilson's testimony and phone conversation is unfairly prejudicial and offers no probative value to Grand's existing claims.

Fluor argues that Grand may not offer Wilson's opinions because Grand did not properly identify Wilson as an expert. Fluor notes that Wilson offers several opinions regarding the quality of Fluor's work on the property and compliance with the LDEQ storm water project permit, and opinions on whether Fluor's future efforts will cause any damage to the property and whether the property will be restored to its original condition. Fluor argues that all of these opinions involve specialized skill, knowledge, and experience and are not mere lay opinions based upon Wilson's personal observations. Further, Wilson testified he had no knowledge of the property conditions or Fluor's work on the property prior to his brief involvement in the project. Fluor argues that Wilson's expert opinions are inadmissible because Grand failed to properly designate Wilson as an expert.

Finally, Fluor argues that Wilson's testimony is irrelevant as lay opinion testimony because Wilson lacked the personal knowledge necessary to provide any lay opinion testimony regarding any damage to the property. Fluor points out that Wilson testified that he only worked for Fluor on the Grand project for about a month or so in late 2006, after the project had been in progress several

---

[2] Def.'s Ex. 1, pp. 70-72 (Wilson Dep.) [doc. 478-2].

3

months.[3] Further, he visited the site less than half a dozen times, was only present at the site for an hour or two during these visits, never viewed or inspected the entire site, and had no knowledge of the site's original condition or of Fluor's work performed on the site before he started work on the project.[4]

Regarding the general evidence relating to erosion, Grand points out that some of the same wrongful conduct produced both the erosion damages and non-erosion damages. Grand concedes that evidence relating solely to erosion is inadmissible, but argues that the Court's decision to exclude or admit general erosion evidence should be deferred until trial because some of the evidence is admissible; thus, admissibility of this type of evidence should be determined on an individual basis.

Grand counters that Wilson's testimony is relevant because he was Fluor's Construction Manager and in charge of the Grand project during the cover-up phase, when most of the logs and wood debris were buried. Grand notes that FEMA cancelled the initial construction project in early February, and the land sat idle for six months, until Fluor received the Freese and Nichols, Inc. report. Grand avers that this report triggered Fluor to immediately resume construction activity and its attempts to "pretty up" the property. Grand notes that Wilson was the persons responsible for the project during this phase, and his immediate subordinate, Scott Rothkamm ("Rothkamm"), was in charge before Fluor allegedly botched the initial construction.

Grand contends when Wilson stated that Fluor "messed up the land," he obtained his information from his first-hand observations of the property while working and from information

---

[3] *Id.* at 30.

[4] *Id.* at 30, 42, 94.

he received from other Fluor employees on the job site before him, including Rothkamm. Grand argues that Fluor attempts to put a different spin on Wilson's statements, and notes that when deposed, Wilson attempted to explain his admissions. Grand insists that Wilson's deposition offers self-serving explanations and are not necessarily truthful. Grand contends that the "f- - - ing up" was not done by FEMA and was not limited to erosion, and the jury should determine which version of Wilson's story to believe.

Further, Grand argues that it is not required to designate Fluor's employees as experts, nor is Grand required to produce an expert report for Fluor's employees. Grand contends that Wilson can testify as a lay witness because he was the Construction Manager in charge of the Grand project.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

During his deposition, Wilson testified that his work and involvement with the Grand property was very limited and related only to the erosion and soil loss problems on the site. Wilson stated that he worked on the job site for approximately one month, and his responsibility was to oversee the "remediation efforts," which were for erosion control and cleaning out silt in the adjacent bayou. Further, Wilson explained that when he told McConnaughhay "we screwed it all up," he was referring specifically to erosion of the property. "By messing it all up, I'm talking particularly about

the erosion activities, the f'ing it all up....You got to understand, I don't know what shape this was in before they ever started construction on it...It's just obvious that when I saw it, it had problems with erosion and water standing on the property."[5] Wilson's deposition testimony involves issues of erosion, loss of soil, compliance with storm water project permit, and removal of silt from the bayou; thus, this specific evidence is irrelevant to Grand's remaining property damage claims against Fluor. Accordingly,

IT IS ORDERED that the portion of Fluor's motion pertaining to Wilson is GRANTED. Rulings on the exclusion of general erosion evidence, including communications between Fluor, FEMA, and LDEQ are referred to trial.

Lake Charles, Louisiana, this 22 day of March, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[5] Pl.'s Ex. B, p. 72 (Wilson Dep.) [doc. 557-2].