RECEIVED
IN LAKE CHARLES, LA.

MAR 29 2010

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GRAND ACADIAN, INC. | : | DOCKET NO. 2:07 CV 295 |
| VS. | : | JUDGE MINALDI |
| FLUOR CORPORATION, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a Motion in Limine filed by defendant Fluor Enterprises, Inc. ("Fluor") [doc. 487]. The plaintiff, Grand Acadian, Inc. ("Grand"), filed an Opposition [doc. 559].

### ANALYSIS

Fluor seeks to exclude testimony related to the 2005 contract between Fluor and the Federal Emergency Management Agency ("FEMA") for disaster assistance and the testimony related to the relative size and financial status of the parties involved in this litigation. Specifically, Fluor moves to exclude any reference to the following: (1) the total amount that Fluor was compensated under the Fluor/FEMA contract; (2) the relative wealth, size, financial condition, or ability to pay a verdict of any of the parties in the litigation; and (3) whether Fluor failed to comply with specific provisions of the Fluor/FEMA contract, insofar as Grand asserts that the contractual provisions relate to the tort standard of care.

Fluor argues that any reference to the total amount that Fluor was compensated under the Fluor/FEMA contract is inadmissible because it is irrelevant to prove any element of Grand's property damage claim. Fluor notes that the Fluor/FEMA contract was not limited to disaster

assistance in Louisiana; rather, Fluor's work on the Grand site was just a small piece of Fluor's work under the contract. Fluor adds that even if relevant, the probative value of evidence regarding Fluor's contract compensation is substantially outweighed by the danger of unfair prejudice. Fluor contends that admission of this evidence will invite the jury to render a decision based on bias, prejudice, or sympathy rather on the tort claim elements.

Fluor argues that any mention of the parties' relative wealth, size, financial condition, or ability to pay a verdict is also irrelevant to prove any element of Grand's claim. Alternatively, Fluor argues that if relevant, the danger of unfair prejudice substantially outweighs the probative value of this evidence.

Finally, Fluor argues that all testimony and evidence related to whether the Fluor/FEMA contract establishes the tort standard of care should be excluded because it is irrelevant, will confuse the issues, mislead the jury, and would be unfairly prejudicial. Fluor notes that Grand has no contractual rights under the Fluor/FEMA contract, and this Court excluded the testimony of Grand's expert, who was Grand's only proof of the alleged breach of the Fluor/FEMA contract. Fluor contends that this evidence is irrelevant, but if relevant, would mislead the jury because the contract does not establish any legal duties owed by Fluor to Grand.

Grand notes that Fluor entered into three different contracts with FEMA: (1) to assess whether the land was suitable for construction; (2) to prepare construction plans suitable for the site; and (3) to oversee the construction and ensure that the FEMA park was built according to the plans and specifications. Grand argues that the site assessment contract is relevant to show that the Grand site was suitable for construction because Fluor has attempted to blame the failed construction on the suitability of the site. Grand notes that FEMA hired and paid Fluor to determine whether the site

was suitable for construction, and Fluor found that it was; thus, this contract is relevant to Grand's case. Grand argues that the planning and design contract is also relevant because Fluor has raised defenses that the project was not feasible under conditions at a certain time of year, but the planning and design contract demonstrates that the project was indeed feasible at that time of year. Grand contends that the construction contract is relevant because Fluor has attempted to blame FEMA and its subcontractors, but the construction contract gives a detailed explanation of Fluor's involvement in the project. Grand notes the contract includes details on Fluor's day-to-day involvement in construction activities, Fluor's requirements to build the project according to the plans and specifications, Fluor's requirements to train and supervise the subcontractors, and Fluor's requirements to maintain quality control throughout the project.

Grand argues that the amount Fluor charged FEMA for the work under the Fluor/FEMA contract is relevant to show what Fluor actually did on the Grand site, unless Fluor billed FEMA for work that it did not perform. Grand adds that this evidence is relevant to show the value of the planned park, which is an essential element of Grand's infrastructure claim. Finally, Grand concedes that evidence regarding Fluor's ability to pay a judgment is inadmissible.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

In order to prevail on its claim of negligence, Grand must establish the following elements: (1) that Fluor's acts or omissions were a cause-in-fact of the resulting harm; (2) that Fluor owed a duty to Grand; (3) that Fluor breached the duty owed to Grand; and (4) the risk or harm created was within the scope of the protection afforded by the breached duty.[1] Evidence relating to the compensation Fluor received for its work under the Fluor/FEMA contract is irrelevant to prove any element of Grand's claim for negligent construction work. Likewise, evidence regarding any party's wealth, size, financial condition, and ability to pay a verdict is also irrelevant to prove any element of Grand's property damage claim. Even if relevant, this information would unfairly prejudice Fluor and potentially mislead or confuse the jury.

Evidence pertaining to whether Fluor failed to comply with specific provisions of the Fluor/FEMA contract are relevant, insofar as the contractual provisions relate to the tort standard of care. The site assessment contract relates to the site's suitability for construction and is relevant to Fluor's anticipated defense that the site's unsuitability contributed to the construction problems. The planning and design contract is relevant to Fluor's argument that the construction project was not feasible at the time of year in which it was conducted. Finally, the construction contract outlines Fluor's requirements for building the project, training and supervising subcontractors, and maintaining quality control through the project's duration. All of this information is relevant to establish Fluor's duty of care owed to Grand. Accordingly,

IT IS ORDERED that Fluor's Motion in Limine is GRANTED in part and DENIED in part. Grand may introduce evidence of Fluor's duties under the Fluor/FEMA contract insofar as

---

[1] *See Roberts v. Benoit*, 605 So. 2d 1032, 1041-42 (La. 1991); *Socorro v. New Orleans*, 579 So. 2d 931, 938-39 (La. 1991).

it relates to Fluor's duty of care under the contract. However, any reference to or mention of the total amount of Fluor's compensation under the Fluor/FEMA contract and any reference to or mention of the parties' relative wealth, size, financial condition, or ability to pay a verdict is excluded.

Lake Charles, Louisiana, this 26 day of March, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE