RECEIVED
IN LAKE CHARLES, LA.

MAR 29 2010

TONY R. MOORE, CLERK
BY_____
            DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GRAND ACADIAN, INC. | : | DOCKET NO. 2:07 CV 295 |
| VS. | : | JUDGE MINALDI |
| FLUOR CORPORATION, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a Motion in Limine filed by defendants Fluor Enterprises, Inc. and Plant Performance Services, LLC ("Fluor") [doc. 526]. The plaintiff, Grand Acadian, Inc. ("Grand"), filed an Opposition [doc. 580].

### ANALYSIS

On February 24, 2010, this Court dismissed Grand's claim for restoration damages and held that Grand's property damage claim would be limited to the difference in fair market value of the property before and after the alleged harm [doc. 520]. Also on that date, this Court excluded Grand's lost profits experts from testifying at trial. As a result, the Court stayed a ruling on Fluor's motion for summary judgment regarding lost profits to allow Grand an opportunity to present other evidence of its lost profits claim.

In response, Grand submitted the expert opinions of its CEO, Pat McConnaughhay ("McConnaughhay") regarding lost profits and valuation. On March 22, 2010, this Court dismissed Grand's claim for lost profits; thus, the portion of Fluor's motion in limine regarding lost profits is MOOT, and this Court will address only McConnaughhay's opinion on property value.

McConnaughhay's valuation opinion consists entirely of the following:

> At trial, I will testify that the "value of the land *before*...the alleged harm" was between $2,016,000 and $2,520,000. This is consistent with the value that the government based its lease payment on. By computing a $252,000 lease payment, the government valued Grand's land between $2,016,000 to $2,520,000. The government's $252,000 lease amount falls between 10% and 12.5% of the government's valuation of the land.
>
> At trial, I will testify that the "value of the land...*after* the alleged harm" was less than $100,000. This is based on the harm Fluor caused the land.[1]

Fluor argues that McConnaughhay's expert valuation opinion and any related testimony should be excluded because the new report is untimely, pointing to the Court's Scheduling Order that required Grand to submit expert reports on or before June 30, 2009. Fluor notes that the purpose of the deadline is to allow Fluor an opportunity to prepare a rebuttal expert report addressing the issues put forth by Grand.

Additionally, Fluor argues that Grand has failed to comply with the requirements of Fed. R. Civ. P. 26. Fluor notes that Fed. R. Civ. P. 26(a)(2)(A) requires the disclosure of all testifying expert witnesses. Further, Fluor argues that McConnaughhay's letter on property valuation is not an adequate expert report because it does not contain the requirements listed in Fed. R. Civ. P. 26(a)(2)(B), including the data or information considered by the witness in forming his opinion and any exhibits that will be used to summarize or support an opinion. Fluor argues that McConnaughhay's letter provides no basis for his figures and no explanation of the methodology used to form his opinion.

Finally, Fluor argues that McConnaughhay's appraisal opinions are unreliable because he is unqualified to render appraisal opinions, he failed to adequately research and substantiate his

---

[1] Def.'s Ex. 1 [doc. 526-2].

2

opinions, he improperly relies on estimates of the Government Services Administration ("GSA"), and he failed to perform any research to validate the GSA estimates. Fluor contends that McConnaughhay is not qualified to render an opinion regarding the fair market value of the Grand property because he is not an appraiser and has no experience valuing property. Fluor notes McConnaughhay's statement that he never had an appraisal done on either side of the Grand property, and no one ever provided him with an opinion on the value of the properties.[2] Fluor argues that McConnaughhay blindly accepts the GSA estimates and performed no independent research to validate any of those figures, and Fluor notes McConnnaughhay's failure to explain how the property appreciated from $100,000 (the purchase price on December 2004) to $2.5 million on January 6, 2006 (the day before the alleged harm occurred).

Alternatively, if the Court allows introduction of McConnaughhay's valuation opinion, Fluor requests that the Court grant a brief continuance of the trial date solely for the purpose of allowing Fluor to conduct a limited amount of discovery related only to the opinions expressed by McConnaughhay to provide rebuttal expert reports.

Grand counters that as owner of Grand, McConnaughhay is automatically qualified to testify about the value of Grand's property. Further, Grand argues that because McConnaughhay does not have to be qualified as an expert witness to testify regarding property valuation, Grand was not required to designate him as an expert under Fed. R. Civ. P. 26, nor was Grand required to submit an expert report as to his opinion.

Grand argues that Fluor's objections to McConnaughhay's reliance on GSA estimates and property valuation go the weight, and not the admissibility, of McConnaughhay's opinion. Grand

---

[2] Def.'s Ex. 4, pp. 13, 21 (McConnaughhay Dep.) [doc. 526-5].

3

contends that Fluor may question McConnaughhay at trial as to the specifics of his opinion and then the jury can determine the appropriate weight and credibility to attribute to McConnaughhay's testimony.

Finally, Grand argues that a continuance is unnecessary because Fluor has known all along about the government's valuation of the Grand property and its significance to this lawsuit. Grand notes that Fluor has deposed numerous government employees involved in the valuation process, and hired its own expert appraiser to make its own determination as to the value of Grand's property.

The Fifth Circuit has held that a property owner is competent to give an opinion on the value of his property. *See U.S. v. 329.73 Acres of Land*, 666 F.2d 281 (5th Cir. 1982) ("[T]he opinion testimony of a landowner as to the value of his land is admissible without further qualification."); *LaCombe v. A-T-O, Inc.*, 679 F.2d 431 (5th Cir. 1982) ("[T]he general principle, acknowledged in this circuit, [is] that the owner of property is qualified by his ownership alone to testify as to its value."); *King v. Ames*, 179 F.3d 370 (5th Cir. 1999) (An owner is competent to give his opinion on the value of his property, but such testimony cannot be based on naked conjecture or solely speculative factors).

Other courts have also held that a property owner's testimony regarding land valuation of the owner's property is not subject to expert disclosure requirements under the Federal Rules of Civil Procedure. *See Fisher v. CIBA Specialty Chemicals Corp.*, 2007 WL 2995525 (S.D. Ala. 2007).

In *LaCombe v. A-T-O, Inc.*, the Fifth Circuit found the trial court committed reversible error by refusing to allow a homeowner to testify about the value of his home and furnishings. The Court held that the homeowner was "automatically qualified to give such testimony by virtue of his being the owner of the property." *Id.* at 434. The trial court refused to admit the testimony because it

4


"would have been based at least in part on depreciation schedules as to the accuracy of which [the owner] was not qualified to testify." *Id.* The Fifth Circuit disagreed and found that the basis of the homeowner's testimony went to its weight, not admissibility. *Id.* at 435. The court explained that the testimony is "subject to attack through cross-examination or independent evidence refuting the owner's estimate...with the jury as fact-finder shouldering the responsibility of judging the credibility of the witness, resolving the conflicting evidence, and assessing the weight of opinion testimony." *Id.* at 435. Furthermore, the court stated that the landowner's reliance on hearsay does not render his testimony inadmissible. *Id.*

Here, McConnaughhay is automatically qualified and is competent to testify regarding Grand's property values. Grand did not have to qualify McConnaughhay as an expert; thus the requirements of Fed. R. Civ. P. 26 are inapplicable to McConnaughhay in this situation. McConnaughhay explains that his opinion is based on the government's value of the lease payment paid to Grand. Fluor may address its arguments rebutting this information, as well as the GSA's information, on cross-examination and by using its own appraisal experts. Furthermore, a continuance is not necessary, as Fluor has had ample time to cross-examine the witnesses responsible for preparing the GSA report, on which McConnaughhay relies in part to form his opinion. Accordingly,

IT IS ORDERED that Fluor's motion in limine is DENIED.

Lake Charles, Louisiana, this 2'7 day of March, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE