RECEIVED
IN LAKE CHARLES, LA.

MAR 29 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GRAND ACADIAN, INC. | : | DOCKET NO. 2:07 CV 295 |
| VS. | : | JUDGE MINALDI |
| FLUOR CORPORATION, et al | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion for Reconsideration of Ruling Regarding Recovery of Infrastructure Costs, filed by Fluor Enterprises, Inc. and Plant Performance Services, LLC ("Fluor") [doc. 546]. The plaintiff, Grand Acadian, Inc. ("Grand"), filed an Opposition [doc. 569].

## PROCEDURAL HISTORY

This Court presented the underlying facts in a previous Memorandum Ruling, [doc. 505], and now provides the necessary additional facts. Fluor adopted a Motion for Partial Summary Judgment Regarding Plaintiff's Infrastructure Claim, filed by Group Contractors, LLC. [doc. 341]. Grand filed an Opposition, [doc. 394], and Fluor filed a Reply [doc. 409]. This Court issued a ruling denying Fluor's motion, [doc. 505], and Fluor now urges reconsideration of that ruling.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v.*

1

*Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). "Furthermore, the party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*

If the movant satisfies this burden, however, then the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Tubacex*, 45 F.3d at 954. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## ANALYSIS

Fluor maintains that reconsideration is appropriate under Fed. R. Civ. P. 59(e) because the Court's original ruling is based on a manifest error of law. This Court classified Grand's infrastructure claim as a cause of action for tortious injury to property, but Fluor argues that Grand's claim does not satisfy the requirements for this type of claim because only impairment of a legally protected interest constitutes damage under Louisiana law. Fluor notes that impairment of present rights constitutes recoverable damage, but a party may not recover for impairment of speculative future interests. Fluor points out that Grand's interest in FEMA-funded infrastructure was afforded

no protection under Louisiana law, did not exist at the time of the alleged tort, and may never have come into existence. Fluor insists that Grand's interest in infrastructure was a speculative future interest; therefore, Grand is not entitled to recover infrastructure costs.

Further, Fluor argues that Grand's interest in the infrastructure is not a recognized real property right, but a distinct incorporeal right arising from a source other than Grand's ownership of the real estate. Fluor acknowledges that the negligent impairment of Grand's incorporeal right can be a valid cause of action if all tort elements are satisfied, but Fluor repeats that Grand's claim does not satisfy the requirements of a tort claim because Grand's interest was a speculative future interest in government funded infrastructure.

Fluor notes that a final consequence of Grand's incorporeal interest being separate from its ownership of real property is that any award to Grand must be determined by methods applicable to the determination of property damage awards in Louisiana. Fluor argues that if the Court finds Grand's interest is not speculative and is compensable, then Grand may only recover the discounted value of the hope that the infrastructure would be built and that Grand would receive the infrastructure in a servicable condition at the end of the lease. Thus, Fluor insists that in any event, Grand's infrastructure claim fails to state a cause of action and must be dismissed.

Grand counters that Fluor's motion for reconsideration should not be entertained because it is untimely and improper. Grand argues that Fluor's motion raises new cases and arguments; thus, it is not a motion to reconsider, but is technically a new motion for summary judgment filed well beyond the dispositive motion deadline. Grand adds that Fluor's motion does not meet the prerequisites for a Fed. R. Civ. 59(e) motion because there is no newly discovered or previously unavailable evidence and no intervening change in controlling law.

Grand's insists that its infrastructure claim was not some speculative future interest; rather, the infrastructure was a very real project in the midst of construction when Fluor allegedly damaged Grand's property. Grand points to a timeline of events, which demonstrates that FEMA planned the park, and began building and would have likely finished building if not for Fluor's negligent construction practices.

Grand contends that the infrastructure claim is a legally protected interest. Grand acknowledges that it stated that "FEMA was not contractually bound to build the infrastructure," but Grand notes that it did not admit that it had no "legal right" to the infrastructure. In fact, Grand argues that under the FEMA Lease, Grand did have the legal right to receive any improvements made to its property. Grand adds that its claim for infrastructure that was actually under construction when Fluor's negligent conduct occurred falls within the broad category of legally protected interests for which damages may be recovered.

Finally, Grand argues that it has the burden of proving every essential element of its claim by a preponderance of the evidence and not an artificially created higher standard. Grand insists that by arguing that Grand had to have a "legal right" to the infrastructure in order to recover damages for its loss, Fluor is arguing that Grand must prove "with certainty" that it would have obtained the infrastructure had it not been for Fluor's negligence. Grand notes this artificially created greater standard of proof should be rejected. Further, Grand adds that courts have allowed plaintiffs to recover for lost profits and lost future wages, even where those damages are not certain.

"Ordinarily, the Court will not grant a Rule 59(e) motion unless (1) the judgment was based upon a manifest error of fact or law, (2) there exists newly discovered or previously unavailable evidence, or (3) there has been an intervening change in controlling law." *Cain v. Transocean*

4

*Offshore Deep Water Drilling, Inc.*, 2008 WL 4724501 (W.D. La. 2008). Fluor's moves for reconsideration of the Court's previous ruling based on a manifest error of law; therefore, the motion is a timely filed motion under Fed. R. Civ. P. 59(e) because it was filed twenty-eight days after entry of judgment.

Louisiana Civ. Code. art. 2315 provides "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." The Louisiana Civil Code does not define the term "damage," but the Louisiana Supreme Court rejected the notion that any harm qualifies as damage, and held that in order for damage to be actionable, there be an impairment of a "legally protected interest of the plaintiff." *Bourgeois v. A.P. Green Industries, Inc.*, 1997-3188 (La. 7/8/98), 716 So. 2d 255.

A trial court has much discretion in quantifying the extent of tort damages, but the damage must be ascertainable from all the facts and circumstances. *Layne Louisiana Co. v. Superior Oil Co.*, 26 So. 2d 20, 24 (La. 1946). The plaintiff in *Layne* owned a very large tract of land, but only held exploration and production rights for the minerals on a small portion of that tract. The defendant's employees wrongfully entered plaintiff's land and conducted a geophysical survey. The plaintiff claimed damages for loss of value for mineral leasing purposes for both tracts of land, even though the plaintiff had only a future reversionary right on the larger tract. The *Layne* Court affirmed an award of damages for physical injury to the plaintiff's land, but denied plaintiff's claim for loss of value of mineral leasing purposes on the larger tract. The Court held that the plaintiff's reversionary rights in the larger tract of land were too uncertain to form the basis of an award for damages. *Id.* at 24. The Court explained the speculative nature of plaintiff's claim, stating "these rights might never revert to the owner of the fee and for that reason...there is no way of determining whether this

acreage might be leased or royalty sold thereunder at the end of the reversionary period." *Id.*

Likewise, Grand's claim for infrastructure costs is too uncertain and speculative. At the time of Fluor's alleged negligent construction work, Grand had no present right to the FEMA-funded infrastructure. Under the FEMA Lease, FEMA retained the discretion to build the RV park and Grand could only acquire a right to the infrastructure and improvements if FEMA built the infrastructure and it was in place at the termination of the FEMA Lease. The infrastructure did not exist at the time of the alleged tort, and may never have come into existence; thus, Grand's infrastructure claim is a future speculative interest and Grand is not entitled to recover for the value of the infrastructure. Accordingly,

IT IS ORDERED that Fluor's Motion for Reconsideration, [doc. 546], is GRANTED, and that Fluor's Motion for Partial Summary Judgment, [doc. 341], is now hereby GRANTED.

Lake Charles, Louisiana, this 25 day of March, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE